# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

February 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **DONALD R. WEST,** | * | **C.C.A. No. 03C01-9812-CC-00437** |
| Appellant, | * | **Hawkins County** |
| **VS.** | * | **HON. JAMES E. BECKNER** |
| **STATE OF TENNESSEE,** | * | **AFFIRMED - RULE 20** |
| Appellee. | * | |

## ORDER

This matter is before the Court upon the State's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Ct. of Crim. App. Rule 20. On September 23, 1998, the petitioner, Donald R. West, filed a "Petition for Writ of Habeas Corpus or, in the Alternative, Motion to Dismiss Illegal Sentence, and Re-Sentence According to the Law." In his petition, the petitioner alleged that the trial court had improperly applied enhancement and mitigating factors in determining his sentence. On November 18, 1998, pursuant to the State's motion, the trial court summarily dismissed the petitioner's petition. On December 9, 1998, the petitioner appealed the trial court's judgment. We conclude that this is an appropriate case for affirmance pursuant to Rule 20.

The petitioner was convicted by a jury in the Criminal Court for Hawkins County of second degree murder and sentenced as a Range I offender to thirty years incarceration in the Tennessee Department of Correction. This Court affirmed the petitioner's conviction and sentence on October 16, 1990. State v. West, No. 128, 1990 WL 154637 (Tenn. Crim. App. at Knoxville, October 16, 1990), perm. to appeal denied, (Tenn. 1991). In 1994, the petitioner filed a petition for post-conviction relief. This Court reviewed the trial court's dismissal of the petitioner's petition and addressed, in part, the performance of defense counsel on direct

appeal. In this context, we again concluded that the trial court properly sentenced the petitioner. West v. State, No. 03C01-9407-CR-00253 (Tenn. Crim. App. at Knoxville, April 26, 1995), perm. to appeal denied, (Tenn. 1995).[1] Nevertheless, the petitioner seeks to challenge his sentence in these habeas corpus proceedings.

The remedy of the writ of habeas corpus is limited to relief from void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994); Donald v. State, No. 01C01-9710-CR-00481, 1998 WL 468646, at *1 (Tenn. Crim. App. at Nashville, August 12, 1998), perm. to appeal denied, (Tenn. 1999). In other words, it must appear upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment has expired. Archer, 851 S.W.2d at 164; Ritchie v. State, No. 03C01-9601-CC-00029, 1998 WL 855517, at *2 (Tenn. Crim. App. at Knoxville, December 10, 1998). Accordingly, we have previously noted that a defendant who is incarcerated pursuant to an illegal sentence may generally obtain relief by filing a petition for writ of habeas corpus. Cupples v. State, No. 02C01-9511-CC-00333, 1996 WL 601730, at *1 (Tenn. Crim. App. at Jackson, October 22, 1996). See also State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). The habeas petitioner bears the burden of establishing a ground for relief by a preponderance of the evidence. Passarella, 891 S.W.2d at 627.

In Donald v. State, the petitioner alleged in part that the trial court in his case had misapplied enhancement and mitigating factors in imposing a sentence. Donald, No. 01C01-9710-CR-00481, 1998 WL 468646, at *1. This Court concluded

---

[1]The Court may take judicial notice of earlier proceedings in this case. State ex rel. Wilkerson v. Bomar, 376 S.W.2d 451, 453 (Tenn. 1964); Ingram v. State, 462 S.W.2d 259, 260 (Tenn. Crim. App. 1970).

that the petitioner's allegations would at most render his sentence voidable and not void and therefore did not constitute cognizable grounds in habeas corpus proceedings. Id. We similarly conclude that, in this case, although the petitioner contends that his sentence is illegal, his actual argument is that his sentence is too harsh. Cupples, No. 02C01-9511-CC-00333, 1996 WL 601730, at *1.

Additionally, the State correctly argues that the petitioner's petition is inadequate pursuant to Tenn. Code Ann. § 29-21-107(b) (1980). The procedural provisions of the habeas corpus statute are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. We also note that the petitioner is incarcerated in Johnson County. Tenn. Code Ann. § 29-21-105 (1980) provides that a petition for habeas corpus relief should be filed in the court most convenient in point of distance to the applicant. Nevertheless, the petitioner filed his petition in Hawkins County. Although the petitioner states that the records pertaining to his appeal are located in Hawkins County, we have previously held that this contention does not constitute "sufficient reason" under Tenn. Code Ann. § 29-21-105 for filing a petition for writ of habeas corpus in the court of conviction rather than the court closest to the applicant. See Muhammad v. State, No. 01C01-9707-CC-00300, 1997 WL 779095, at *1 (Tenn. Crim. App. at Nashville, December 18, 1997).

For all the foregoing reasons, we affirm the judgment of the trial court pursuant to Rule 20. Costs are taxed to the State as the petitioner is indigent.

_____
_____Norma McGee Ogle, Judge

CONCUR:

_____

Gary R. Wade, Presiding Judge


_____

Joseph M. Tipton, Judge