IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE


**STATE OF TENNESSEE v. CHARLES A. DAILEY**


**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-2300, Steve R. Dozier, Judge**

––––––––––––––––

**No. M1999-01075-CCA-R3-CD - Decided June 16, 2000**

––––––––––––––––


The defendant entered guilty pleas, as a Range II offender, to one count of theft over $1,000, one count of evading arrest, and one count of resisting arrest  The trial court imposed an effective sentence of eight years, eleven months, and twenty-nine days confinement.  In this appeal as of right, the defendant challenges the sentence imposed by the trial court, arguing that (1) the sentence is excessive; (2) the court erred by denying him an alternative sentence; and (3) the judgment form as to his conviction for resisting arrest must be modified to conform to the trial court's pronouncement at the sentencing hearing.  Finding the trial court's sentencing determination proper, we affirm the sentences imposed.  However, the judgment form as to count three, resisting arrest, is modified to reflect that count three be served concurrently with counts one and two.


**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Criminal Court is Affirmed and Remanded.**

GLENN, J., delivered the opinion of the court, in which RILEY, J., and ACREE, SP.J., joined.

Dwight E. Scott, Nashville, Tennessee, for the appellant, Charles A. Dailey.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Jennifer L. Bledsoe, Assistant Attorney General, Victor S. (Torry) Johnson, III, District Attorney General, and Erik R. Herbert, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

Pursuant to a negotiated plea agreement, the defendant, Charles A. Dailey, pled guilty, as a Range II offender, to one count of theft of property over $1,000, a Class D felony, one count of

evading arrest, a Class A misdemeanor, and one count of resisting arrest, a Class B misdemeanor.[1] The matter was submitted to the Davidson County Criminal Court for determination of the appropriate sentences. Subsequently, the trial court imposed a sentence of eight years confinement for theft of property, eleven months, twenty-nine days confinement for evading arrest, and six months confinement for resisting arrest.[2] The sentence for evading arrest was ordered to be served consecutively to the sentence for theft of property, resulting in an effective sentence of eight years, eleven months, twenty-nine days total confinement. The defendant now challenges the sentence imposed by the trial court arguing:

> I. The eight year sentence imposed for theft of property was excessive;
>
> II. The trial court erred in denying the defendant an alternative sentence and
>
> III. The judgment form for his conviction for resisting arrest erroneously reflects that this sentence be served consecutively to his sentences for theft of property and evading arrest.

After review, we affirm the sentencing decision of the trial court; however, the judgment of conviction for resisting arrest is remanded to the trial court for modification to conform to the trial court's pronouncement at sentencing.

## BACKGROUND

On June 23, 1998, at approximately 5:20 a.m., Metro Police Officer Heidi Welch responded to a dispatch to 4003 Bonnacreek Drive in Hermitage. When she arrived, Robert Versluis, the resident at the house, advised her that his 1993 Buick LeSabre had been taken from his driveway behind the house.

Later that morning, Officers Buddy Rhett and David Corman were on routine patrol when they observed a 1993 Buick run a stop sign at the intersection of Spring and Meridian Streets. The vehicle stopped at North Second Street, and the driver, later identified as the defendant, fled from the vehicle. Officer Rhett pursued the defendant and eventually apprehended him. Upon

---

[1]The Davidson County Grand Jury returned an indictment charging the defendant with count one, theft of property over $1,000; count two, evading arrest; count three, resisting arrest; and count four, driving on a suspended license. Count four was dismissed pursuant to the plea agreement.

[2]The trial court ordered that the defendant serve seventy-five percent of his misdemeanor sentences before becoming eligible for rehabilitative programs. See generally Tenn. Code Ann. § 40-35-302(d) (1997).

apprehension, the defendant resisted his arrest. Through a computer check, Officer Rhett discovered that the vehicle had been stolen.

At the subsequent sentencing hearing, the defendant explained that, on June 23, he was "out . . . selling drugs and stuff." Two men approached him, "asking [him] if [he] wanted to pawn a car . . . for a couple of hours" in exchange for "forty dollars worth of dope." The defendant agreed and accepted the keys to the car. He stated, "when [the police] pulled me over, I didn't have no [driver's license]. . . . And, so, I still had drugs on me. I didn't have no choice but to run, you know." The defendant further explained that, when the officers apprehended him in the alley, "they told [him] to lay down; so, I laid down." He added that the officer "jumped in my back" and was "roughing me up and stuff."

The presentence report revealed that the defendant is twenty-three years old and has a three-year-old daughter. His criminal history consists of:

| Offense | Date of Conviction | Sentence |
| --- | --- | --- |
| Possession Drug Paraphernalia | 6/11/98 | 30 days |
| Aggravated Robbery | 1/28/98 | 2 years |
| Criminal Trespass | 11/9/96 | 30 days |
| Evading Arrest | 11/9/96 | 30 days |
| Failure to Carry License | 11/13/96 | Time served |
| Theft under $500 | 11/13/96 | 30 days |
| Driving on Suspended License | 11/13/96 | Time served |
| Theft of Property over $1,000 | 5/24/96 | 2 years |
| Failure to Carry License | 12/4/95 | $25 fine |
| Failure to Carry License | 12/4/95 | $25 fine |
| Aggravated Assault | 5/24/96 | 3 years |

The presentence report also identifies six additional arrests which did not result in convictions. As a juvenile, the defendant spent time in Three Springs Wilderness Program, Taft Youth Center, Woodland Hills, Vanderbilt, and various other juvenile facilities. He explained that his confinement at the juvenile facilities was due to fighting and disorderly conduct. Additionally, the defendant admitted that he had been selling drugs, *i.e.*, crack cocaine, since he was eighteen years old. He explained, however, that this business was more of a "part-time job."

The defendant testified that he was employed before his arrest, but he lost his job "before [he] got locked up." He explained that his mother was trying to find him a job at her place of employment and a friend was also trying to get him a job at Engle Book Company in the event he was granted probation. The defendant conceded that, on two previous occasions, he had been placed on probation but had violated the terms of probation, resulting in revocation of his probation. On his own behalf, the defendant explained that, previously he had only thought about himself, presently, however, he has his daughter to "take care of" and he was "gonna have to do what I've got to do to take care of her."

In making its determination, the trial court made the following findings of fact and conclusions of law:

> In terms of mitigating factors, don't find any.
>
> In terms of enhancing factors . . . I don't think there is any question that Mr. Dailey has a previous history of criminal convictions and criminal behavior . . . beyond that that's necessary to establish him within his particular range.
>
> He has four misdemeanor convictions, not even counting the other ones that are license related, . . . attempted robbery, theft of property and aggravated assault, two of which he's been revoked on probation before.
>
> He acknowledges . . . that he has sold drugs extensively as a livelihood and used both Marijuana and Cocaine since he was seventeen years old.
>
> . . . .
>
> [T]he other enhancement factor that is present is that he has a previous history of unwillingness to comply with the conditions. I mean, I would be not doing my job if I was to place Mr. Dailey back on probation with these enhancement factors present, and the fact that he's been revoked . . . in this court previously.
>
> When you review those enhancement factors and Mr. Dailey's testimony . . . it's obvious that Mr. Dailey . . . when he's seventeen and didn't get the picture, when he's eighteen, nineteen, twenty, twenty-one, twenty-two and now he's twenty-three, he still hasn't gotten the picture. I mean, his work history . . . you say he can get a job. I mean, I agree with that; but, he hasn't ever gotten a job. He's worked, maybe two months, at a place in '98. Before that, worked in '96, and by his own testimony he's out selling drugs.
>
> So, based on the enhancement factors, the Court is going to impose a[n] eight year sentence as a Range Two Offender, an eleven month and twenty-nine day sentence at seventy-five percent. And, because of his extensive criminal record, run that conviction consecutive, eleven twenty-nine at seventy-five percent concurrent with the other two, for an effective eight year plus and eleven month and twenty-

nine day sentence.

## ANALYSIS

This court's review of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d)(1997). This presumption is only applicable if the record demonstrates that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Again, the defendant's challenges to the sentences imposed are limited to: (1) the length of the eight-year sentence imposed for his conviction for theft of property; (2) the trial court's imposition of a sentence of total confinement; and (3) modification of the judgment form for resisting arrest to reflect that the sentence runs concurrent with the remaining convictions.

Initially, we note that the State concedes that the judgment form in count three, resisting arrest, should be modified to reflect the actual sentence imposed by the trial court.[3] We agree. Where there is a conflict between a judgment form and the transcript of the proceedings, the transcript controls. See State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App.), perm. app. denied (Tenn. 1991); State v. Davis, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985), perm. app. denied (Tenn. 1986). At the conclusion of the sentencing hearing, the trial judge imposed "an effective eight year, plus an eleven month and twenty-nine day sentence." The judgment forms reflect an effective sentence of nine years, five months and twenty-nine days. It is obvious from the transcript of the sentencing hearing that the trial court did not intend for count three to be served consecutively to counts one and two. As a result, this case must be remanded to the trial court for modification of the judgment form in count three, resisting arrest, to reflect that this sentence be served concurrently with counts one and two.

## I. Length of Sentence

In sentencing the defendant, the trial court found no mitigating factors applicable but did find two enhancement factors: (1) history of criminal history or criminal behavior and (13) unwillingness to comply with the conditions of a sentence of release into the community. See Tenn. Code Ann. § 40-35-114(1) and (13) (1997). Based on these factors, the trial court imposed an eight-year sentence for theft of property.[4] The defendant does not contest the trial court's application of

---

[3]At the sentencing hearing, the trial court imposed a sentence of eleven months, twenty-nine days for count three, resisting arrest. Resisting arrest, a Class B misdemeanor, carries a sentence not greater than six months. Tenn. Code Ann. § 40-35-111(e)(2) (1997). The judgment form reflects that the length of this sentence was correctly modified to six months. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn.1978) (trial court can correct illegal sentence at any time).

[4]The defendant does not challenge the length of sentence imposed for either misdemeanor convictions. Accordingly, we do not review the sentences imposed in the misdemeanor counts.

enhancement and mitigating factors. Rather, the defendant asserts that the trial court "ignored the statutory provisions of § 40-35-102(1)(1997) and § 40-35-103(2) (1997) as well as § 40-35-103(4)" in determining the sentence for his felony theft conviction.[5] Specifically, the defendant contends that this was not a particularly egregious crime which did not result in any personal injury to any victim.

In determining the appropriate sentence for a felony conviction, the sentencing court, if there are enhancing factors but no mitigating factors, may set the sentence above the minimum in that range but still within the range. See Tenn. Code Ann. § 40-35-210(d) (1999 Supp.); State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App.), perm. app. denied (Tenn. 1996). There is no mathematical formula of valuating the enhancement factors to calculate the appropriate sentence. See generally Boggs, 932 S.W.2d at 475. "Rather, the weight to be afforded an existing factor is left to the trial court's discretion so long as the court complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record." Id. at 475-76 (citations omitted). The trial court, after weighing and considering the enhancing factors, imposed a sentence of eight years. We conclude, upon *de novo* review, that imposition of a sentence of eight years is not excessive and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4). This issue is without merit.

## II. Denial of Alternative Sentencing

The defendant contends that he was entitled to a sentencing alternative to total confinement, specifically, split confinement. In support thereof, he cites several factors that the trial court failed to consider in ordering a sentence of total confinement:

> (1) The defendant has remained incarcerated since the date of his arrest on the instant offenses, approximately one year prior to the sentencing hearing;
>
> (2) There was no damage to the automobile, the stolen property, therefore, no restitution was involved; and
>
> (3) The defendant, due to his history of drug use, was in need of treatment and rehabilitation unavailable in the Department of Correction.

---

[5]Tennessee Code Annotated § 40-35-102(1) provides that "[e]very defendant shall be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense." Tennessee Code Annotated § 40-35-103(2) provides "[t]he sentence imposed should be no greater than that deserved for the offense committed." Tennessee Code Annotated § 40-35-103(4) provides "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed."

Initially, we conclude that the defendant is not entitled to the presumption for an alternative sentencing option, because he is a Range II, multiple offender. <u>See</u> Tenn. Code Ann. § 40-35-102(6). Moreover, because the defendant "has a long history of criminal conduct" and "measures less restrictive than confinement" have proven unsuccessful, confinement is necessary. Tenn. Code Ann. § 40-35-103(1)(A) and (C). Accordingly, we find the trial court did not err in imposing a sentence of total confinement. This issue is without merit.

We affirm the sentencing decision of the trial court; however, the judgment of conviction for resisting arrest is remanded for modification reflecting that this sentence be served concurrently with counts one and two.