**IN THE COURT OF APPEALS AT NASHVILLE**

| | | |
|---|---|---|
| JAMES L. JACKSON | ) | C/A No. 01A01-9902-CH-00098 |
| | ) | Davidson Chancery |
| Petitioner | ) | No. 98-2052-I |
| | ) | |
| v. | ) | |
| | ) | |
| TENNESSEE DEPARTMENT | ) | |
| OF CORRECTIONS, DONAL | ) | |
| CAMPBELL, COMMISSIONER | ) | |
| | ) | |
| Respondent | ) | |

**FILED**

**October 15, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

James L. Jackson, Pro Se
S.T.S.R.C.F.
Route 4, Box 600
Pikeville, TN 37367

    Petitioner

Paul G. Summers
Attorney General and Reporter
    AND
Arthur Crownover, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0488

    Attorneys for Respondent

AFFIRMED AND REMANDED

**Houston M. Goddard, Presiding Judge**

CONCUR:

FRANKS
SUSANO

O P I N I O N

Goddard, P.J.

This is a petition seeking a writ of certiorari filed by James L. Jackson, an inmate of the Penal System of this State, Pro Se. The caption lists as Respondents "Tennessee Dept. of Corrections, Donal Campbell (Commissioner), Respondent." The case proceeded, however, as if only the Department of Corrections was a party Defendant and our opinion will be based on this assumption.

Mr. Jackson contends that he has not been given proper credit in reduction of his sentence and that he is entitled to be forthwith released.

The Chancellor filed a memorandum opinion denying Mr. Jackson's petition, resulting in this appeal wherein he raises the following issues:

1- WHETHER DENIAL OF DISCOVERY VIOLATED JACKSON RIGHT TO FURTHER DEFEND HIS ACTION.

2- WHETHER JACKSON STATED A CLAIM UPON WHICH RELIEF COULD HAVE BEEN GRANTED.

3- COURT DID IMPROPER ANALYZED JACKSON WRIT OF CERTIORARI.

4- WHETHER JACKSON HAVE EXPIRED HIS SENTENCE, AND SHOULD BE FORWITH RELEASED, AS A MATTER OF LAW.

Our review of the record persuades us that this is an appropriate case for affirmance under Rule 10(a) of this Court.

Before concluding, we should point out that the Petitioner is not without an avenue of redress, but, as stated in the brief of the Department of Corrections, may pursue his

2

contentions before the Criminal Court for Shelby County which, under the authority of State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978), "does have the power to correct the judgment" if warranted.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mr. Jackson.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.

3