IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1999 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. W1999-01845-CCA-R3-CD |
| Appellee, | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable James C. Beasley, Jr., Judge |
| VINTON T. MACLIN, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

**FILED**

**December 16, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

FOR THE APPELLANT:

WILLIAM D. MASSEY
3074 East Street
Memphis, TN 38128

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

PAULA WULFF
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

OPINION FILED: _____

VACATED AND REMANDED

ALAN E. GLENN, JUDGE

**O P I N I O N**

The defendant, Vinton T. Maclin, entered pleas of guilty in the Shelby County Criminal Court to the misdemeanor charge of unlawful possession of a weapon, two felony

1

charges of unlawful possession of a controlled substance with intent to sell (occurring on different dates), and unlawful possession of a handgun while in a public place. Pursuant to a negotiated plea agreement, the sentences in these cases were to be served concurrently with each other for an effective sentence of two years and total fines of $4,100. The defendant filed a petition to suspend the sentences. The trial court denied the petition and ordered that the defendant be incarcerated for 120 days and then be placed in the Community Corrections Program for two years. The defendant timely appealed, asking that he be placed on probation, or, in the alternative, that the 120-day sentence be served on weekends. Based upon our review, we find that the sentences are in violation of Tenn. Code Ann. § 40-20-111(b) because the two possession of a controlled substance with intent to sell charges were committed successively and after the defendant had been released on bail on the first charge. Accordingly, the defendant could not receive concurrent sentences, except for the third and fourth convictions. Thus, we vacate the judgment of the trial court and remand this matter for further proceedings in accord with this opinion.

## FACTS

The following are the offenses for which the defendant was indicted and sentenced to concurrent sentences following his pleas of guilty. On July 7, 1997, he was charged with unlawful possession of a weapon and was released on bond that same day. This charge resulted in Indictment 98-02512, to which the defendant entered a plea of guilty and received a sentence of thirty days and a fine of $50.

On January 13, 1998, the defendant was charged with unlawful possession of a controlled substance with intent to sell and was released on this charge the following day. This arrest resulted in Indictment 98-08594, to which the defendant was sentenced to confinement for eighteen months and ordered to pay a fine of $2,000, following his plea of guilty.

The defendant next was arrested on June 7, 1998, and charged with unlawful possession of a controlled substance with intent to sell and unlawful possession of a handgun in a public place. The following day he was released on bond. This arrest resulted in Indictments 98-13770 (unlawful possession of a controlled substance) and 98-13771 (unlawful possession of a handgun in a public place). Following his guilty pleas to these two charges, the defendant was sentenced, respectively, to two years and a fine of

$2,000 and to thirty days and a fine of $50.

The defendant entered pleas of guilty in each of these offenses, pursuant to a negotiated plea agreement, and received concurrent sentences. He appealed the trial court's order that he should serve 120 days before being placed in the Community Corrections Program, arguing that the sentences should be probated or that, in the alternative, the 120-day sentence should be served on weekends. Because we find that Tenn. Code Ann. § 40-20-111(b) mandates that the sentences for the two drug charges be served consecutively with each other, as well as with the 1997 weapon possession charge, we cannot address the defendant's request for alternative sentencing.

## ANALYSIS

From the record, it is apparent that after the defendant had been initially released on bail for the charge which resulted in Indictment 98-02512, he was arrested for the charge resulting in Indictment 98-08594, and this also occurred with regard to Indictments 98-13770-1. Thus, although the plea bargain agreement provided that the four sentences imposed upon the defendant were to be served concurrently, Tennessee law requires that the sentences for episodes two and three be served consecutively with each other and with that imposed for the first episode.

Tennessee Code Annotated § 40-20-111(b) requires that sentences for felonies committed while a defendant has been released on bail for previous charges must be served consecutively with the sentence for the previous charge:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Likewise, Rule 32(c)(3) requires that:

> Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> > (A) To a sentence for a felony committed while on parole for a felony;
> >
> > (B) To a sentence for escape or for a felony committed while on escape;

3

> (C) To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and
>
> (D) Any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3).

Thus, the law mandated that these sentences be served consecutively. State v. Blanton, 926 S.W.2d 953, 961 (Tenn. Crim. App. 1996). Since the defendant entered his pleas of guilty with the belief that all sentences would be served concurrently, we do not know whether he would have done so had he known of the requirements regarding consecutive sentencing. See State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Accordingly, we vacate the judgments and remand the matter to the trial court to allow the defendant the opportunity to withdraw his pleas of guilty.

The judgments are vacated, and this matter is remanded to the trial court for further proceedings in accord with this opinion.

_____
ALAN E. GLENN, JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
NORMA McGEE OGLE, JUDGE