# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 2000 SESSION



**FILED**

**February 10, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| Appellee, | ) | NO. W1998-00029-CCA-R3-CD |
| | ) | |
| VS. | ) | MADISON COUNTY |
| | ) | |
| BILLY WAYNE MOORE, | ) | HON. ROY B. MORGAN, JR., |
| | ) | JUDGE |
| Appellant. | ) | (Probation Revocation) |


**FOR THE APPELLANT:**

GEORGE M. GOOGE
District Public Defender

STEPHEN P. SPRACHER
Assistant Public Defender
227 W. Baltimore St.
Jackson, TN 38301-6137
(At Hearing)

JOHN E. HERBISON
2016 Eighth Avenue South
Nashville, TN 37204-2202
(On Appeal)

**FOR THE APPELLEE:**

PAUL G. SUMMERS
Attorney General and Reporter

R. STEPHEN JOBE
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

JAMES G. WOODALL
District Attorney General

SHAUN A. BROWN
Assistant District Attorney General
225 Martin Luther King Dr.
P.O. Box 2825
Jackson, TN 38302-2825


**OPINION FILED: _____**


**AFFIRMED IN PART; REVERSED IN PART; REMANDED**


**JOE G. RILEY, JUDGE**


## OPINION

This is an appeal from a revocation of probation. On March 14, 1997, defendant pled guilty to "theft under $1,000,"[1] two counts of aggravated assault,

---

[1]The judgment for case number 95-817 lists the charged offense as theft over $1,000, a Class D felony. The convicted offense is listed as "theft under $1,000," a "Class E felony."

possession of a weapon in a penal institution, and robbery. On the same day, defendant was sentenced as a Range II multiple offender to an effective sentence of ten years in community corrections.[2] Subsequently, defendant's community corrections sentences were transferred to supervised probation. On November 10, 1998, an order was entered revoking defendant's probation. In this appeal as of right, defendant does not challenge the validity of the revocation. The only issue before the court is the validity of the original sentences. Upon our review of the record before us, we **AFFIRM** in part; **REVERSE** in part; and **REMAND** for further proceedings.

## I. PROCEDURAL HISTORY

On March 14, 1997, defendant pled guilty to two counts of aggravated assault, robbery, "theft under $1,000" and possession of a weapon in a penal institution. The same day he received community corrections sentences of eight years for one count of aggravated assault, ten years for another count of aggravated assault, eight years for robbery, six years for "theft under $1,000" and eight years for possession of a weapon in a penal institution. All sentences were to be served concurrently. On August 15, 1997, the trial court transferred defendant's community corrections sentences to supervised probation. Thereafter, defendant's probation was revoked, and defendant was ordered to serve his original sentences. Although defendant does not contest the basis for the revocation, he does contend his original sentences were illegal and must be set aside.

## II. DEFENDANT'S CONTENTIONS

Defendant argues that the underlying convictions, upon which his probation

However, the defendant was sentenced as a Range II multiple offender, and the six year sentence he received exceeds the Range II penalty allowed for a Class E felony, but falls within that range allowed for a Class D felony. *See* Tenn. Code Ann. §§ 39-14-105(2),(3) and 40-35-112(b)(4)(5). Therefore, it is uncertain for which offense defendant was convicted and sentenced.

[2]Although the indictments and judgments are in the record, the guilty plea forms and the transcript of the guilty plea hearing are not in the record. Therefore, we cannot conclusively determine whether the plea was entered pursuant to an agreement. However, it appears from the record that sentencing took place on the same day the guilty plea was entered, which typically indicates the plea was entered pursuant to an agreement.

revocation was based, are facially invalid. Defendant challenges his six year sentence for "theft under $1,000," claiming he was sentenced outside the appropriate range. Defendant argues that he was convicted of theft of property over $500 but under $1000, a Class E felony, but was sentenced within the Range II punishment appropriate for theft of property over $1,000, a Class D felony. In addition, defendant challenges his eight-year community corrections sentence for possession of a weapon in a penal institution; his eight-year community corrections sentence for aggravated assault; his ten-year community corrections sentence for aggravated assault; and his eight-year community corrections sentence for robbery. He claims these sentences are prohibited by Tenn. Code Ann. § 40-36-106(a). If these sentences are "illegal," they are a nullity and subject to correction at any time. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

Tenn. Code Ann. § 40-36-106(a) outlines the eligibility requirements for a community corrections sentence. Subsection (2) excludes defendants convicted of an offense committed against the person; subsection (3) requires the felony offense to be non-violent; and subsection (4) prohibits community corrections for defendants convicted of a felony offense, where the use or possession of a deadly weapon is an element. Tenn. Code Ann. § 40-36-106(a).

Defendant argues that both aggravated assault and robbery are violent offenses against the person. Defendant further argues that aggravated assault and possession of a weapon in a penal institution are offenses which include use or possession of a deadly weapon as an element. Therefore, he concludes requirements (2), (3), and (4) disqualify him as a candidate for community corrections, and his sentences for these four offenses are void.

### III. ANALYSIS

### A. Theft under $1,000

As to "theft under $1,000," it is unclear whether the conviction was for the Class E felony of theft over $500 but less than $1,000 or the Class D felony of theft over $1,000 but less than $10,000 as charged in the indictment. If the Class E felony was intended, the six-year sentence exceeded the allowable Range II punishment, but is not an illegal sentence. *See generally* Hicks v. State, 945

3

S.W.2d 706 (Tenn. 1997). If the Class D felony was intended, there was simply a clerical error in listing the offense as "theft under $1,000" rather than "theft over $1,000." Upon remand, the trial court shall modify this judgment to reflect the intention of the parties.

## B. Illegal Sentences

The remaining four convictions present a more complex issue. Convictions for aggravated assault, possession of a weapon in a penal institution and robbery would ordinarily be ineligible for community corrections. *See* Tenn. Code Ann. § 40-36-106(a). However, such offenses are eligible for community corrections under the "special needs" provision of Tenn. Code Ann. § 40-36-106(c), provided the defendant is statutorily eligible for probation. *See* State v. Grigsby, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997). Thus, the eight-year community corrections sentences for aggravated assault, possession of a weapon in a penal institution and robbery are not illegal on their face. However, the ten-year community corrections sentence for aggravated assault is clearly an illegal sentence since a ten-year sentence is ineligible for probation. *See* Tenn. Code Ann. § 40-35-303(a). This illegal sentence is a nullity and subject to correction at this time, even though the judgment long ago became final. *See* Burkhart, 566 S.W.2d at 873. Thus, the trial court had no authority to revoke probation on this offense and require service of the original sentence.

## IV. CONCLUSION

Case number 95-817 listing the conviction as "theft under $1,000" is **REMANDED** for correction of the judgment to reflect the original intent of the parties. The judgment should reflect either "theft over $1,000," a Class D felony or "theft over $500," a Class E felony. The trial court shall also enter an order showing that probation for the theft offense is revoked.

The judgment of conviction for the ten-year sentence of aggravated assault in case number 96-479 is set aside. Revocation of probation in case number 96-479 is likewise set aside, and the case is **REMANDED** to the trial court. If the guilty

4

plea and sentence were pursuant to a plea agreement, defendant shall have the opportunity to withdraw his plea in case number 96-479. *See* Burkhart, 566 S.W.2d at 873. If the plea was not entered pursuant to a plea agreement, the trial court shall simply re-sentence the defendant in case number 96-479.

The judgments of convictions and eight-year sentences for aggravated assault (case number 96-344, Count 1), possession of a weapon in a penal institution (case number 96-344, Count 2), and robbery (case number 96-345) are not illegal sentences. These sentences were imposed in 1997. We see no reason to remand for any further proceedings with regard to these three convictions. The revocation of probation on these three eight-year sentences is **AFFIRMED**.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOHN EVERETT WILLIAMS, JUDGE**

_____
**ALAN E. GLENN, JUDGE**