IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## PAUL E. RUTHERFORD v. DONAL CAMPBELL, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 98-2733-I    Irvin H. Kilcrease, Jr., Chancellor**

_____

**No. M1999-02789-COA-R3-CV  - Decided May 25, 2000**

_____

Prisoner/Petitioner seeks declaratory judgment that he is entitled to sentence reduction credits on four concurrent 20 year sentences for rape of a child.  The chancellor dismissed his complaint and he timely appealed.  Inasmuch as Tennessee Code Annotated section 39-13-523 specifically prohibits application of sentence reduction credits to reduce sentences of "child rapists" as defined therein, the dismissal is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.**

CAIN, delivered the opinion of the court, in which CANTRELL, P.J., M.S., and COTTRELL, J., joined.

Paul E. Rutherford, Wartburg, Tennessee, pro se.

Paul G. Summers, Michael E. Moore and Michael L. Haynie, Nashville, Tennessee, for the appellees, Donal Campbell, et al.

### OPINION

On September 15, 1995, pursuant to a plea agreement in the Criminal Court for Dickson County, Tennessee, Paul E. Rutherford entered pleas of guilty to 4 counts of rape of a child in violation of Tennessee Code Annotated section 39-13-522.  He was sentenced to four concurrent 20 year sentences as a Standard Range I offender under the Tennessee Criminal Sentencing Reform Act of 1989.[1]

_____

[1]Despite the criminal court's sentencing of defendant as "Standard Range I, 30%," apparently in violation of Tennessee Code Annotated section 39-13-523 and section 40-35-501, Petitioner only contests the Department of Corrections' refusal to apply sentence reduction credits. Such is the only issue in the case at bar.

Appellant claims that he is entitled to sentence reduction credits pursuant to Tennessee Code Annotated section 41-21-236 and that the Commissioner of Corrections has wrongfully refused to grant him such sentence reduction credits.

Inmates have neither a statutory nor constitutional right to sentence reduction credits. *Wolff v. McDonnell*, 418 U.S. 539, 94 Sup.Ct. 2963, 41 L.Ed.2d 935 (1971). Sentence credits are created by statute. *Jones v. Reynolds*, 1997 WL 367661 (Tenn. Ct. App. July 2, 1997).

The judgment of the trial court quite correctly says nothing at all relative to sentence reduction credits since administration of such statutory sentence reduction credits is committed by the General Assembly to the Department of Corrections.

The offense of "rape of a child" was created by section one of chapter 878 of the Public Acts of 1992. The offense was codified as Tennessee Code Annotated section 39-13-522 and each of the trial court judgments of conviction note that each conviction of Mr. Rutherford was for rape of a child pursuant to Tennessee Code Annotated section 39-13-522. The same chapter and the same section of the Acts of 1992 that created the crime of "rape of a child" likewise contain the provisions codified as Tennessee Code Annotated section 39-13-523. This statute provides in pertinent part:

> (1) "Child rapist" means a person convicted one (1) or more times of rape of a child as defined by § 39-13-522; and
>
> . . .
>
> (b) Notwithstanding any other provision of law to the contrary, a multiple rapist or a child rapist, as defined in subsection (a), shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn. A multiple rapist or a child rapist shall be permitted to earn any credits for which such person is eligible and such credits may be used for the purpose of increased privileges, reduced security classification, or for any purpose other than the reduction of the sentence imposed by the court.
>
> (c) The provisions of title 40, chapter 35, part 5, relative to release eligibility status and parole shall not apply to or authorize the release of a multiple rapist or child rapist, as defined in subsection (a), prior to service of the entire sentence imposed by the court.
>
> (d) Nothing in the provisions of title 41, chapter 1, part 5, shall give either the governor or the board of paroles the authority to release or cause the release of a multiple rapist or child rapist, as defined in subsection (a), prior to service of the entire sentence imposed by the court.

The primary claim of the appellant is that the refusal of the Commissioner of Corrections to grant him sentence reduction credits violates his plea agreement as evidenced by the four separate judgments of the trial court classifying him as a Standard Range I offender. While it is true that the

Department of Corrections is bound to follow the judgment issued by the trial court, even if it is illegal, *State v. Burkhart*, 566 S.W.2d 871 (Tenn. 1987), there is nothing in the trial court order that even purports to address the question of sentence reduction credits. The availability of sentence reduction credits for child rapists was specifically proscribed by the legislature in the aforementioned statute. This statute was in existence at the time of Mr. Rutherford's four convictions of child rape, and thus becomes part and parcel of his sentence. *See Gilliam v. State*, 174 Tenn. 388, 391, 126 S.W.2d 305, 306 (1939).

The appellant pled guilty to 4 counts of rape of a child under Tennessee Code Annotated section 39-13-522. Pursuant to his plea agreement he was given 4 concurrent twenty year sentences as a Standard Range I offender. The judgment of the trial court did not purport to address the issue of sentence reduction credits which is a matter committed by statute to the Department of Corrections. Tennessee Code Annotated section 39-13-523 plainly states that one convicted of rape of a child under Tennessee Code Annotated section 39-13-522 must serve the entire sentence imposed by the court " . . . undiminished by any sentence reduction credits such person may be eligible for or earn."

It is well to note that Petitioner seeks no relief from the criminal court's conviction. Petitioner correctly states "[t]hat is a task procedurally appropriate for post-conviction relief or habeas corpus."

"The petitioner is merely seeking an order requiring the TDOC to fulfill the requirements of the plea agreement . . . " as he sees it.

Since the action of the Department was simply the enforcement of the sentence imposed by the judgment of conviction, the judgment of the chancellor is in all respects affirmed, and costs are assessed against Paul E. Rutherford.