# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 2000 Session

## STATE OF TENNESSEE v. MARTY W. STANFILL

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-B-1320     Seth Norman, Judge**

---

**No. M1999-02492-CCA-R3-CD - Filed October 4, 2000**

---

The appellant/defendant, Marty W. Stanfill, appeals as of right from the judgment of the Davidson County Criminal Court which imposed a sentence of eight (8) years in indictment No. 97-B-1320, for the state offense of unlawful possession of cocaine with the intent to sell or deliver. The trial court ordered this sentence to be served consecutively to a federal conviction, No. 3:97-00087, for conspiracy to distribute cocaine. At the same sentencing hearing, in indictment No. 99-B-865, the trial court imposed, in three separate counts, two (2) eight (8) year sentences for unlawful possession of cocaine with intent to sell or deliver, and one (1) year for the unlawful possession of a weapon. These sentences were to be served concurrently with case No. 97-B-1320 and the federal conviction, No. 3:97-00087, imposed by the U.S. District Court for Middle Tennessee at Nashville. The defendant presents one appellate issue: Whether the trial court erred in imposing an eight (8) year sentence in case No. 97-B-1320, consecutive to federal case No. 3:97-00087? After a complete review of the record, briefs of the parties and applicable law, we vacate the judgment of conviction and remand the case for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Vacated and Remanded.**

L. TERRY LAFFERTY, SR. J., delivered the opinion of the court, in which JERRY L. SMITH, J., and JOE G. RILEY, J., joined.

Thomas J. Drake, Jr. and Michael L. Heyman, Nashville, Tennessee, for the appellant, Marty W. Stanfill.

Paul G. Summers, Attorney General and Reporter and Elizabeth T. Ryan, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Davidson County Grand Jury indicted the defendant in two (2) separate cases for the unlawful possession of cocaine with the intent to sell or deliver, and other offenses. Also, the Federal Grand Jury for the U.S. District Court for Middle Tennessee at Nashville indicted the defendant and four (4) others on charges of conspiracy to distribute cocaine. Since we find it necessary to vacate the trial court's judgment in case No. 97-B-1320 and remand for further proceedings, it is necessary to set forth the historical background of these various cases.

**HISTORICAL BACKGROUND**

1. **Indictment No. 97-B-1320.**

On June 27, 1997, the Davidson County Grand Jury returned a five (5) count indictment against the defendant for: (1) possession with intent to sell or deliver twenty-six (26) grams or more of cocaine on March 1, 1997; (2) possession of marijuana on March 1, 1997; (3) possession with intent to use drug paraphernalia to test, pack or contain a controlled substance on March 1, 1997; (4) assault upon Katherine Pipkin on March 1, 1997; and (5) possession of a motor vehicle from which the manufacturer's serial number had been removed. The defendant was arraigned on July 16, 1997, and the case set for August 14, 1997.

Since the record does not contain a transcript of the guilty plea proceedings of August 23, 1999, we set out the facts from the pre-sentence report surrounding the defendant's arrest and charges in case No. 97-B-1320.

> On March 1, 1997, at approximately 2100 hours, Officer Elkins responded to a domestic disturbance at 23 Cameo Drive. The neighbors stated that the subject and the victim were outside fighting. The subject had gotten into his vehicle and fled the scene. The subject came back when the police arrived. After the subject was taken into custody, he advised Officer Elkins that he wanted to lock his vehicle. When the officer walked the subject over to his vehicle to lock it up, the officer observed that the vehicle did not have a VIN number. Officer Elkins recovered a large amount of white powder, bags containing plant material, bags containing rocklike substances, and different types of paraphernalia. Also, $2,045 in U.S. currency was seized. The subject was arrested on various charges.

In this case, the defendant filed a motion to suppress on July 27, 1999. On August 23, 1999, the trial court denied the motion to suppress and the defendant entered a plea of guilty to Count One, agreeing to a sentence of eight (8) years, Range One standard offender, unlawful possession of cocaine with the intent to sell or deliver. The defendant requested a sentencing hearing. On September 29, 1999, at the conclusion of a sentencing hearing, the trial court imposed a sentence of eight (8) years to be served consecutively to the defendant's present federal conviction.

2. **Indictment No. 99-B-865.**

On May 7, 1999, the Davidson County Grand Jury returned an indictment against the defendant, charging him with two (2) counts of possession of cocaine with the intent to sell or deliver, one count of unlawful possession of a weapon, the unlawful possession of marijuana and the possession of drug paraphernalia. The offenses occurred on July 22, 1997. The record does not contain a copy of this indictment, nor a transcript of the guilty plea proceeding of August 23, 1999. We set forth the facts from the pre-sentence report as to the defendant's arrest of July 22, 1997.

> On July 22, 1997, Metro officers assisted the service of federal indictments on Marty Stanfill. Surveillance was set up on the apartment where the subject was believed to be staying. When it was believed that the subject was home due to the amount of traffic going in and out of the apartment, the officers knocked on the door. Stanfill opened the door and turned away as though he was expecting the officer. The officer told the subject that he had federal indictments for his arrest. The subject was secured with handcuffs. An automatic pistol was observed laying on the couch, approximately 1/8 ounce of cocaine was found on the subject as well as cash. A security sweep of the apartment produced approximately 10 more grams of cocaine, scales, and approximately 1 ounce of mushrooms. A small amount of marijuana was located in the bedroom.

On August 23, 1999, the defendant entered pleas of guilty to two (2) counts of unlawful possession of cocaine with the intent to sell or deliver for sentences of eight (8) years; the defendant pled guilty to unlawful possession of a weapon agreeing to a one (1) year sentence. The defendant requested a sentencing hearing and on September 29, 1999, the trial court ordered these sentences to be served concurrently with each other, concurrent with indictment No. 97-B-1320 and Federal No. 3:97-00087.

3. **Federal Indictment No. 3:97-00087**

On August 7, 1997, the Federal Grand Jury returned a multiple count indictment charging the defendant and four (4) others with a conspiracy to distribute cocaine between October 1996, and July 1997. Also, the defendant was charged with the knowing use of a firearm during and in relation to drug trafficking. On November 13, 1998, the defendant entered a plea of guilty to conspiracy to distribute cocaine. Judge John T. Nixon ordered the defendant confined in the U.S. Bureau of Prisons for seventy (70) months and the defendant was to receive jail credit from July 27, 1997, to November 13, 1998. [1]

---

[1] The federal judgment order indicates that the plea of guilty to conspiracy to distribute cocaine was to a superceded indictment and that the original indictment was dismissed on motion of the United States. This may account for the federal indictments served on the defendant July 22, 1997.

Due to the defendant's federal custody, the State was required to return the defendant to Tennessee for disposition of indictment Numbers 97-B-1320 and 99-B-865.

## LEGAL ANALYSIS

The defendant asserts that the trial court failed to comply with the requirements of Tennessee Code Annotated § 40-35-115, in that the trial court did not make findings of fact to support consecutive sentencing. Further, the defendant contends that the trial court erred in ruling that Tenn. R. Crim. P. 32 (c)(2), requires mandatory consecutive sentences. Thus, the defendant requests this Court to modify the sentence in case No. 97-B-1320 to order this judgment to run concurrent with the defendant's sentences in case No. 99-B-865 and his federal conviction, or remand for an additional sentencing hearing. The State agrees that case No. 97-B-1320 should be remanded, but for correction of the judgment order. The trial court's judgment order reflects that the trial court ordered both cases, Numbers 97-B-1320 and 99-B-865 to be served consecutively, which is in conflict with the sentencing hearing transcript. However, the State asserts that the trial court properly imposed a consecutive sentence in case No. 97-B-1320 as required by Tenn. R. Crim. P. 32(c)(2).

At the conclusion of a sentencing hearing on September 29, 1999, the trial court, in its ruling, stated:

> And I believe that under the law, I am required to run one of these sentences consecutive. I am going to sentence the defendant in 99-B-865, Count One, to eight years as a Range One standard offender; Count Two as a standard offender at eight years; Count Three, one year as a Range One standard offender. I'm going to run those sentences concurrent, one with the other. And I'll run that sentence concurrent with the Federal sentence, however, in case number 97-B-1320.

> It is the judgment of the Court the defendant be sentenced to the Department of Correction for a period of eight years as a Range One standard offender, at thirty percent. By law, I am required to run it consecutive to the Federal sentence.

> Under the other case, 99-B-865, the Court specifically finds that, in the Court's judgment, that one consecutive sentence is sufficient in this case. That's why I ran the other one concurrent; one concurrent, one consecutive.

From our review of the record, we conclude the trial court erroneously assumed that case number 97-B-1320 must run consecutively to the federal sentence. Tenn. R. Crim. P. 32(c)(2) provides in pertinent part as follows:

> …If the defendant has additional sentences or portions thereof to serve, as the result of conviction in other states or in federal court, the sentence imposed shall be consecutive thereto unless the court shall

-4-

determine in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders. (Emphasis added).

The trial court did not address whether "good cause" existed to run this sentence concurrently with the federal sentence. Thus, a remand is necessary for the court to determine whether "good cause" exists to run case number 97-B-1320 concurrently with the federal sentence.

Although case number 99-B-865 is not technically before us on appeal, we do note that this case and case number 97-B-1320 both arose as a result of negotiated guilty pleas entered on the same date, and sentencing on both were conducted at the same time. With regard to case number 99-B-865, the record indicates that this offense was committed on July 22, 1997. Since the defendant was arraigned in case number 97-B-1320 on July 16, 1997, the defendant was on some form of bail on that case on the date of the offense in 99-B-865; namely, July 22, 1997.

Tenn. R. Crim. P. 32(c)(3) provides:

> Mandatory Consecutive Sentences. Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of convictions in the same or other court and the laws requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
> …
>
> (C) to a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses.

Thus, the sentence in case number 99-B-865 must run consecutively to the sentence in 97-B-1320 pursuant to the mandate of Tenn. R. Crim. P. 32(c)(3)(C).

It appears the sentence in 99-B-865 is illegal. Although an illegal sentence can be corrected at any time by the trial court, *see State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978), we assume the parties upon remand will address case number 99-B-865 as it may have an effect upon case number 97-B-1320.

The trial court's judgment is vacated and the case is remanded for further proceedings.

_____

L. TERRY LAFFERTY, SENIOR JUDGE