IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 9, 2005 Session

**THOMAS BRADEN v. RICKY BELL, WARDEN**

**Appeal from the Criminal Court for Davidson County**
**No. 3161 Cheryl Blackburn, Judge**

———————————

**No. M2004-01381-CCA-R3-HC - Filed August 19, 2005**

———————————

JOSEPH M. TIPTON, J., dissenting.

I respectfully disagree with the majority opinion. I believe the judgments of conviction provide illegal sentences and are, therefore, void. I believe the case should be remanded for the trial court to transfer the case to the Marshall County Circuit Court for entry of corrected judgments of conviction.

Each of the three judgments reflect a sentence of twenty-three years for aggravated rape with a thirty percent release eligibility. However, as a multiple rapist, the defendant is required to serve one hundred percent of his sentences. See T.C.A. § 39-13-523(b), (c), and (d). Therefore, the judgments reflect sentences in direct contravention of the statute, making the sentences illegal. See State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

The trial court acknowledged that the judgment forms "are not filled out correctly" and that "the sentencing court should issue an amended judgment form indicating Petitioner is classified as a multiple rapist." However, the trial court concluded that the judgments were not void and that the sentences were not illegal. It stated that "the fact petitioner is not identified as a multiple rapist on the judgment forms does not invalidate his conviction or entitle him to release." It relied upon the fact that the petitioner was convicted by a jury and that service of one hundred percent of the sentence was required by operation of law pursuant to T.C.A. § 39-13-523. Interestingly, the trial court commented that if the petitioner had pled guilty to multiple rapes with a recommendation of thirty percent release eligibility, the judgments would be illegal and void.

The majority opinion also views this trial versus plea distinction to be significant to the outcome in this case. In this regard, it agrees with the trial court's conclusion that the one hundred percent service requirement was by "operation of law." Most importantly, although acknowledging that "the sentence, on its face, is illegal," it states that it is a "mere clerical error" to be remedied by entering a corrected judgment.

As for a clerical error, I find nothing in the record that even hints at the release eligibility date being a clerical error. That could only be shown by the transcript of the sentencing hearing, minute book entries, or other records in the convicting case which are not before us.

Otherwise, I believe the trial court and my colleagues misapprehend the relationship of a judgment of conviction to a prisoner's confinement in the penitentiary. A judgment of conviction "provides the legal authority for the executive branch of government to incarcerate a person who is sentenced to confinement." State v. Vasser, 870 S.W.2d 543, 545 (Tenn. Crim. App. 1993). Thus, a valid judgment is a necessary prerequisite to enforcement of any sentence, by operation of law or otherwise.

The purpose of a writ of habeas corpus is to inquire into the legitimacy of the petitioner's imprisonment and restraint. See T.C.A. § 29-21-101. As noted, the authority of the Department of Correction (DOC) to imprison the petitioner in Tennessee must arise from a valid judgment of conviction. If the judgment is void, the DOC has no authority to execute a sentence. This does not necessarily mean, though, that the petitioner is entitled to release from confinement. He still remains convicted by jury verdict of a Class A felony for which release is not allowed. See, e.g., T.C.A. § 40-35-116(a).

Relative to a void judgment of conviction, it is immaterial whether it stems from a jury verdict or from a trial court's acceptance of a guilty plea. For habeas corpus purposes, though, an important distinction may be made between the two relative to the ultimate remedy when a judgment of conviction is deemed void. If a judgment of conviction results from a guilty plea, the question remains whether or not the plea was based upon the illegal sentence imposed. Thus, a void judgment of conviction may lead to a hearing to determine whether or not the petitioner is entitled to withdraw a guilty plea. See Burkhart, 566 S.W.2d at 873. On the other hand, when the judgment of conviction arises from a jury verdict of guilt, no such hearing is necessary. Under these circumstances, the trial court need only enter a corrected judgment.

In view of the record before us, I would hold that the judgment of conviction is void on its face. I would remand the case for the trial court to transfer the case to Marshall County Circuit Court for appropriate action.

_____
JOSEPH M. TIPTON, JUDGE