# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MAY 1999 SESSION



**FILED**

June 3, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9808-CR-00238 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. L.T. LAFFERTY, |
| VINTON V. BROWNLEE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**A.C. WHARTON, JR.**
Shelby County Public Defender

**TONY N. BRAYTON**
(On Appeal)
**TIMOTHY J. ALBERS**
(At Sentencing)
Assistant Public Defenders
201 Poplar, Suite 201
Memphis, TN 38103-1947

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**J. ROBERT CARTER, JR.**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**VACATED AND REMANDED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Defendant pled guilty to carjacking, a Class B felony, aggravated burglary and theft of property over $10,000, Class C felonies, in exchange for an agreed effective sentence of eight years. After a sentencing hearing, the trial court denied defendant's request for alternative sentencing. On appeal, defendant challenges that denial while the state contends that the sentence is illegal by virtue of its concurrent nature. We agree with the state's position and REMAND for further proceedings.

**I.**

On August 3, 1996, defendant allegedly participated in a carjacking which involved the use of a gun. Police arrested defendant a few days later driving the stolen car. Defendant made bond.

On May 10, 1997, defendant allegedly burglarized a residence and took professional recording equipment worth in excess of $10,000. Police caught defendant attempting to pawn that equipment sometime between May 10 and May 13, 1997, while he was out on bond for the carjacking.

Defendant pled guilty to all three felonies in exchange for concurrent sentences of eight years for the carjacking, and six years each for the aggravated burglary and theft. The manner of service was left to the trial court's discretion, and it denied defendant's request for alternative sentencing.

Defendant's claim that the trial court erred in its denial of alternative sentencing is the issue presented for our review; however, we are unable to address it in light of the illegal sentence imposed in this case.

**II.**

2

The state correctly argues that consecutive sentencing is mandatory in this case by virtue of the Tennessee Rules of Criminal Procedure, which state in relevant part:

> . . . Where a defendant is convicted of multiple offenses . . . the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply . . . [t]o a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses . . . .

Tenn. R. Crim. P. 32(c)(3)(C). Furthermore, Tenn. Code Ann. § 40-20-111(b) provides:

> . . . In any case in which a defendant commits a felony while such defendant was released on bail . . . and the defendant is convicted of both such offenses, the trial judge shall not have discretion . . . but shall order that such sentences be served cumulatively.

Defendant was on bond for carjacking, a Class B felony, when the Class C felonies of aggravated burglary and theft were committed. Therefore, in spite of the plea agreement, the trial court was prohibited from running the Class C sentences concurrently with the Class B sentence. Thus, the eight-year effective sentence is illegal. *See* State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978); State v. Jon Connors, C.C.A. No. 03C01-9506-CC-00176, Blount County (Tenn. Crim. App. filed December 17, 1996, at Knoxville).

Under these circumstances, it is impossible for this Court to speculate whether defendant would still choose to enter a guilty plea knowing that the Class C felony sentences must run consecutively to the Class B felony sentence. It is necessary to vacate the judgments and allow the defendant an opportunity to withdraw his guilty plea. *See* Burkhart, 566 S.W.2d at 873.

Thus, the judgments are VACATED and this case is REMANDED for further proceedings in accord with this opinion.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**



_____
**JOHN H. PEAY, JUDGE**



_____
**THOMAS T. WOODALL, JUDGE**