IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JUNE 1998 SESSION

FILED

August 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| GREGORY TURNER, | ) | |
| | ) | NO. 02C01-9707-CC-00238 |
| Appellant, | ) | |
| | ) | CROCKETT COUNTY |
| VS. | ) | |
| | ) | HON. DICK JERMAN, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**GREGORY TURNER,** *pro se*
#241929
Cold Creek Correctional Facility
P.O. Box 1000
Henning, TN 38041-1000

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**CLAYBURN L. PEEPLES**
District Attorney General
110 S. College Street
Trenton, TN 38382

**OPINION FILED:** _____

**REMANDED FOR FURTHER PROCEEDINGS**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The petitioner, Gregory Turner, appeals the Crockett County Circuit Court's dismissal of his petition for post-conviction relief. The petitioner contends his plea agreement in Crockett County designating concurrent sentencing with Haywood County was violated when the Haywood County trial court ran the sentences consecutive. The state concedes error and suggests that the petitioner be allowed to withdraw the guilty plea in Crockett County. We REMAND the case for further proceedings due to the lack of a complete record of the Haywood County proceedings.

**<u>FACTS</u>**

The petitioner pled guilty pursuant to a plea agreement to one (1) count of burglary in Crockett County. As a condition of the plea, he was sentenced to two (2) years in the Tennessee Department of Correction. The guilty plea transcript reveals that, upon taking the plea, the trial judge was informed that the Crockett County sentence was to run concurrent with the Haywood County sentence yet to be imposed. The trial judge agreed that the sentences would run concurrently. The Crockett County judgment specifically stated the sentence was to be served concurrently with his conviction in Haywood County; however, as previously noted, the Haywood County sentence had not yet been imposed at the time of the Crockett County plea. We note that both Crockett County and Haywood County are in the same judicial district, and the same trial judge handled both proceedings.

It is alleged that the Haywood County judgment, entered after the Crockett County judgment, states that its ten (10) year sentence runs "consecutive to any other sentence he may have." Although the state concedes the Haywood County sentence was ordered to run consecutive to the Crockett County

2

sentence, the record of the Haywood County proceeding is not before this Court. The record does contain an uncertified, unsigned copy of an alleged Haywood County judgment running the sentences consecutively.

The opinion of this Court in the original appeal of the Haywood County conviction shows that the Haywood County sentence of ten (10) years resulted from a jury trial. The conviction was affirmed by this Court. State v. Gregory Turner, C.C.A. No. 02C01-9508-CC-00212, Haywood County (Tenn. Crim. App. filed May 24, 1996, at Jackson). Permission to appeal was denied by the Tennessee Supreme Court on October 28, 1996. Sentencing was not an issue on appeal.

It further appears that the petitioner filed a motion with the Haywood County trial court requesting that court to correct its judgment so that the sentences would run concurrently as specified in the Crockett County judgment. The record does not reflect the action of the Haywood County court on this request. Although we assume the sentence probably remained unchanged, we are unable to verify this due to the absence of the Haywood County records.

What is clear from the record is that the petitioner in the present case filed a petition for post-conviction relief relating to the Crockett County judgment and alleges concurrent sentencing as specified in the judgment is not being honored. The trial court dismissed the petition without a hearing, noting that the petitioner stated no claim upon which relief "may or should" be granted. This appeal followed.

## PLEA AGREEMENT

The defendant pled guilty in Crockett County to one (1) count of burglary, and, as part of a plea agreement, the two (2) year sentence would run

concurrently with a sentence he was to receive in Haywood County. The trial court in Crockett County, as the first sentencing court, did not have the authority at that time to make any final determination as to consecutive/concurrent sentencing in the subsequent Haywood County case. Because the defendant, the prosecuting attorney and the trial judge agreed that sentencing would be concurrent, this obviously presents a problem if consecutive sentencing was subsequently ordered in Haywood County. Ordinarily, the remedy would be to allow the petitioner to withdraw his guilty plea in Crockett County. *See* State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

However, there is no problem if the Haywood County sentence was concurrent with the Crockett County sentence. Although we assume the petitioner and the state are probably correct in stating the Haywood County sentence runs consecutive to the Crockett County sentence, the record before us does not allow us to determine if this is true. For this reason, a remand is appropriate.

**CONCLUSION**

This case is remanded to the Circuit Court of Crockett County where counsel shall be appointed. In the event the Haywood County judgment in case no. 2110 reflects or is amended to reflect concurrent sentencing with the Crockett County judgment, the Crockett County petition is moot and shall be dismissed. In the event the Haywood County judgment is not amended to reflect concurrent sentencing, the petitioner shall be allowed to withdraw his guilty plea in Crockett County.

4

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**DAVID H. WELLES, JUDGE**