IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 27, 2015 Session

**STATE OF TENNESSEE v. BEAU C. VAUGHAN**

**Appeal from the Circuit Court for Maury County**
**No. 9903B      Robert L. Jones, Judge**

**No. M2014-02530-CCA-R3-CD – Filed December 15, 2015**

The Appellant, Beau C. Vaughan, appeals as of right from the Maury County Circuit Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends (1) that the trial court erred in ruling that his sentence for a felony conviction which occurred while he was released on bond for another offense was not statutorily required to be served consecutively to the sentence for the underlying offense because the underlying offense was a misdemeanor; and (2) that the trial court erred by ruling, in the alternative, that Rule 36.1 was not applicable because the convictions occurred before Rule 36.1 was enacted in 2013. The State concedes that the trial court erred with respect to both of the Appellant's issues. However, contrary to the State's concession,[1] the Appellant's sentence expired long ago; therefore, his motion failed to state a colorable claim for relief. As such, we affirm the trial court's denial of the Appellant's Rule 36.1 motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

James O. Martin III, Nashville, Tennessee (at Rule 36.1 hearing); and Manuel B. Russ, Nashville, Tennessee (on appeal), for the appellant, Beau C. Vaughan.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

---

[1] This court is not bound by the State's concession. See State v. Mitchell, 137 S.W.3d 630, 639 (Tenn. Crim. App. 2003).

## FACTUAL BACKGROUND

Based upon the record before us, it appears that on June 3, 1996, the Appellant was charged in case number N387702 with aggravated assault in Davidson County. The Appellant was released on bail for that offense on December 17, 1996. On March 4, 1997, the Appellant pled guilty to the lesser offense of assault and received a sentence of eleven months and twenty-nine days to be served at thirty percent. On March 21, 1997, the Appellant was indicted in Maury County. The indictment alleged that on January 21, 1997, while the Appellant was released on bond for the Davidson County offense, he committed an aggravated robbery. On July 8, 1997, the Appellant pled guilty in Maury County to the lesser offense of robbery and received a four-year sentence.

On May 5, 2014, the Appellant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The motion alleged that the Appellant received an illegal sentence when the Maury County Circuit Court ordered his sentence for the robbery conviction to be served concurrently to his sentence for the assault conviction. The Appellant stated in his motion that at the time he was sentenced in Maury County, he "was serving [sentences] imposed in Davidson County; Case No 96-A-62, Case No 96-D-1934 and Case No N387702." The Appellant then stated that on March 21, 1997, his "Community Corrections sentence was revoked, Case No 96-A-62 and Case No 96-D-1934," and that on "April 4, 1997,"[2] he "was sentenced in Case No N387702 to be served concurrent with Case No 96-A-62 and Case No 96-D-1934."

The trial court held a brief hearing on the Appellant's motion on November 26, 2014. At the outset, the Appellant's counsel stated that the Appellant had waived his presence at the hearing because "there's always a pretty good ordeal trying to get someone from federal custody," where the Appellant currently is, "to state court." The only evidence entered at the hearing was a certified copy of the judgment form for the Davidson County assault conviction and a transcript of the Appellant's guilty plea submission hearing for the Maury County robbery conviction. The judgment form for the assault conviction makes no reference to any other outstanding sentences. During the Appellant's guilty plea submission hearing, the trial court stated that the Appellant's sentence would be served concurrently to his sentence for a misdemeanor conviction he was also pleading guilty to that day and "his present sentence." Nothing in the transcript elaborates on what the Appellant's "present sentence" was.

A copy of the judgment form for the robbery conviction was included with the Appellant's pro se motion. The judgment form reflects that the Appellant's sentence was to be served concurrently to the other offense he pled guilty to that day and his "current

---

[2] As stated above, the Appellant's judgment form for his assault conviction is dated March 4, 1997.

sentence." The form does not explain what the Appellant's "current sentence" was nor does the form award the Appellant any pretrial jail credit for his "current sentence." Also included with the pro se motion was a document styled, "Waiver of trial by jury and petition to enter plea of guilty," with the same case number as the Maury County robbery conviction. However, this document only contained boilerplate language regarding the Appellant's waiver of his right to a trial by jury and did not contain any information about his plea agreement.

During the hearing, the trial court noted that neither "the plea agreement[3] [n]or the judgment [made] it clear that . . . [the] 'current sentence' was the Davidson County sentence." (Footnote added). Counsel for the Appellant acknowledged during the hearing that the Appellant had already served his sentence for the robbery conviction. The trial court then denied the motion, concluding that the Appellant's sentence was not illegal because the statute and applicable rule of criminal procedure requiring mandatory consecutive sentencing for felonies committed while released on bail did not apply if the underlying offense was a misdemeanor. The trial court stated that it had always interpreted the rule "as applying only if it's two felonies" and that "if [it had] been doing that wrong all these years, [it] want[ed] an appellate court to tell [it]." The trial court also concluded, in the alternative, that Rule 36.1 did not retroactively apply "for a 1997 offense." The Appellant now appeals the trial court's ruling.

ANALYSIS

The Appellant contends that the trial court erred in denying his Rule 36.1 motion to correct an illegal sentence. The Appellant argues that the trial court was incorrect in determining that his sentences for assault and robbery were not mandatorily consecutive. The Appellant also argues that the trial court was incorrect in its ruling that Rule 36.1 did not retroactively apply to his 1997 robbery conviction. The Appellant concludes that his sentence for the Maury County robbery conviction was illegal and that he should be allowed to withdraw his guilty plea. The State concedes the trial court's error and the illegality of the Appellant's sentence. Following our review, we conclude that the Appellant ultimately failed to state a colorable claim for relief because the alleged illegal sentence is expired.

*I. Rule 36.1*

A Rule 36.1 motion provides defendants with a remedy separate and distinct from habeas corpus or post-conviction proceedings. See State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). Rule 36.1 provides as follows:

---

[3] A copy of the Appellant's plea agreement was not included in the appellate record.

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

"[A] sentence ordered to be served concurrently where statutorily required to be served consecutively" is an illegal sentence. Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010).

## II. Consecutive Sentencing Requirement

The trial court misinterpreted the applicable rule and statutes in determining that concurrent sentencing of the Appellant's assault and robbery convictions would not be illegal because the underlying offense, assault, was not a felony. Tennessee Rule of Criminal Procedure 32(c)(3)(C) provides for mandatory consecutive sentencing when a defendant is sentenced "for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses." Rule 32(c)(3)(C) is a restatement of Tennessee Code Annotated section 40-20-111(b) which provides as follows:

In any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

Tennessee Code Annotated section 40-11-102 provides that "[b]efore trial, all defendants shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great." (Emphasis added).

The bail statutes referred to in section 40-20-111(b) apply to all defendants except those defendants in capital cases "where the proof is evident or the presumption great." Tenn. Code Ann. § 40-11-102. There is no distinction between misdemeanor and felony offenses in the applicability of the bail statutes. Likewise, section 40-20-111(b) and Rule 32(c)(3)(C) mandate consecutive sentences for "both offenses" rather than stating that the

underlying offense the defendant was released on bail for must be a felony. Cf. Tenn. R. Crim. P. 32(c)(3)(A) (providing for mandatory consecutive sentencing when a defendant is sentenced "for a felony committed while on parole for a felony"). As such, a plain reading of Rule 32(c)(3)(C) and section 40-20-111(b) does not support the trial court's interpretation that consecutive sentencing is not mandatory when the underlying offense is a misdemeanor. Accordingly, we conclude that the trial court erred in finding that concurrent sentencing of the Appellant's assault and robbery sentences would not be an illegal sentence.

### III. Retroactive Application of Rule 36.1 and Expiration of Sentence

The trial court also erred in its conclusion that Rule 36.1 did not retroactively apply "for a 1997 offense." "[A]n illegal sentence may be corrected 'at any time, even if [the sentence] has become final.'" State v. Adrian R. Brown, __ S.W.3d __, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *7 (Tenn. Dec. 2, 2015) (alteration in original) (quoting State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978)). Nor are Rule 36.1 motions subject to any statute of limitations. Id. However, Rule 36.1 "does not authorize the correction of expired illegal sentences," and a motion may be dismissed "for failure to state a colorable claim if the alleged illegal sentence has expired." Id. at *8. Here, the Appellant received a four-year sentence in 1997, and his counsel admitted at the evidentiary hearing that the Appellant has fully served the sentence. Accordingly, we conclude that the Appellant's Rule 36.1 motion failed to state a colorable claim and affirm the trial court's denial of the motion.

### CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE