IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 7, 2001

## LONNIE JONES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23438     Bernie Weinman, Judge**

---

**No. W2001-00741-CCA-R3-PC - Filed November 21, 2001**

---

Petitioner appeals from the denial of his petition for post-conviction relief following his guilty plea to second degree murder for which he received a sentence of 15 years. He contends his guilty plea was not knowingly and voluntarily entered, and he received ineffective assistance of trial counsel. The state contends the petition was barred by the statute of limitations. We conclude the petition was barred by the statute of limitations and is otherwise without merit. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P. J., and THOMAS T. WOODALL, J., joined.

Charles W. Gilchrist, Jr., Memphis, Tennessee, for the appellant, Lonnie Jones.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Camille McMullen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 6, 1997, petitioner entered a guilty plea to second degree murder for an agreed sentence of 15 years. The original judgment, contrary to the agreement of the parties, reflected that the petitioner was a "Standard 30%" offender.[1] An amended judgment was entered on July 26, 1999, correcting the petitioner's classification to a "Violent 100%" offender as required by statute. *See* Tenn. Code Ann. § 40-35-501(i). On June 2, 2000, petitioner filed his petition for post-conviction

---

[1] In deference to the trial court, we note the Uniform Judgment Document in effect at the time of the guilty plea had no provision for a violent 100% offender. *See* Tenn. R. Sup. Ct. 17 (1997). This oversight was corrected when the rule was amended in February 2000. Tenn. R. Sup. Ct. 17 (2000).

relief contending his plea was involuntary, and he received ineffective assistance of trial counsel. After an evidentiary hearing, the trial court denied relief. This appeal followed.

## EVIDENTIARY HEARING

At the evidentiary hearing, petitioner testified that it was his understanding that he was being sentenced to 15 years at 30% release eligibility. He contended the original judgment reflects the 30% release eligibility, and he signed the judgment. Although he conceded that he signed his petition for acceptance of guilty plea which expressly reflected "15 years at 85%," he said that the form was blank at the time he signed it. He conceded that at the guilty plea submission hearing Judge Chris Craft expressly advised him that he would not be eligible for parole until serving at least 85% of the sentence. He stated he did not understand what this meant. He contended his first knowledge of the 85% provision came when he received a copy of the amended judgment. He testified he would not have pled guilty had he known he would not be eligible for parole until serving at least 85% of the sentence.

He further testified his attorney was ineffective in his representation. Specifically, he testified his counsel did not properly investigate the case, furnished him with little discovery, and did not interview potential witnesses. He contended the only legal advice he received from his counsel was to accept the state's 15-year offer.

Trial counsel testified he worked with the public defender's office, had practiced law for more than 25 years, and had handled dozens of murder cases. He met with the petitioner on at least six occasions and thoroughly discussed the case with him. The prosecutor's office provided open discovery, and counsel was familiar with the various witnesses' statements.

Counsel emphatically denied the petitioner signed a blank guilty plea form. Furthermore, he testified that he explained to the petitioner that he would not be eligible for parole until he served at least 85% of the sentence, and that information was set forth on the guilty plea form signed by petitioner. He further testified the original judgment did not have a place for the violent offender category, and the assistant district attorney general marked the 30% release eligibility date after petitioner signed the judgment. He testified he advised the petitioner to plead guilty after reviewing the autopsy report which was inconsistent with petitioner's version of the homicide.

The post-conviction court entered extensive findings of fact and conclusions of law. It accredited counsel's testimony and discredited petitioner's testimony. The post-conviction court relied upon the thorough explanation of the 85% release eligibility date by Judge Craft at the time of the submission of the guilty plea and concluded the petitioner was aware at the time of his plea that his release eligibility date would be 85% and not 30%. It further found the petitioner entered his guilty plea freely and voluntarily. Furthermore, it found trial counsel's representation was not in any way deficient. The post-conviction court denied the petition.

## STATUTE OF LIMITATIONS

The state contends the original judgment was entered in June 1997; therefore, the petition for post-conviction relief was barred by the statute of limitations since it was filed in June 2000. Petitioner contends the petition was timely filed since the time for filing was re-triggered when the amended judgment was filed in July 1999. We agree with the state.

Unquestionably, this case is governed by a one-year statute of limitations. *See* Tenn. Code Ann. § 40-30-202(a). At issue, however, is whether the amended judgment reflecting the 100% violent offender category re-triggered the statute of limitations.

Initially, we conclude the amended judgment was properly entered to correct a clerical mistake pursuant to Tenn. R. Crim. P. 36. Second degree murder is one of the enumerated offenses for which there is no parole eligibility, except for the possibility of earning certain credits not to exceed 15% of the sentence. Tenn. Code Ann. § 40-35-501(i)(1), (i)(2)(B). Thus, a sentence at 30% for second degree murder is illegal and void. Mario Lambert v. Jack Morgan, Warden, No. M1999-02321-CCA-R3-PC, 2001 WL 881361, at *1 (Tenn. Crim. App. filed August 7, 2001, at Nashville), *perm. to app. pending*. An illegal sentence can be corrected at any time, even after it has become final. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). The trial court can correct a judgment reflecting a lesser release eligibility date when the statute requires 100%. State v. Howard Buchanan, No. M2000-00878-CCA-R3-CD, 2001 WL 261544, at *5 (Tenn. Crim. App. filed March 16, 2001, at Nashville), *perm. to app. denied* (Tenn. September 10, 2001).

The correction of a judgment pursuant to Rule 36 does not re-trigger the statutory period for filing a petition for post-conviction relief. Alan Hall v. State, No. E2000-01522-CCA-R3-PC, 2001 WL 543426, at *3 (Tenn. Crim. App. filed May 23, 2001, at Knoxville), *perm. to app. pending*; Kenneth J. Hall v. State, No. 03C01- 9609-CR-00342, 1998 WL 208080, at *2 (Tenn. Crim. App. filed April 15, 1998, at Knoxville). Here, just as in Alan Hall, *supra*, the guilty plea submission hearing as well as the written guilty plea agreement clearly reflected that the petitioner would serve a minimum of 85% of his 15-year sentence. The post-conviction court found that petitioner understood he was receiving an 85% sentence at the time of the plea. Thus, the trial court properly amended the judgment to correct the clerical error, and the amended judgment did not extend or re-trigger the statutory period for the filing of the petition.[2]

Although the petition is barred by the statute of limitations, we choose to address the issues raised by petitioner in the event of further appellate review.

---

[2]We are not holding that a petitioner may never seek relief if the trial court amends a judgment after it has become final. Generally, a trial court does not have the authority to amend a judgment after it has become final. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). A judgment beyond the jurisdiction of the court is void. *Id*. A void judgment may be attacked at any time by habeas corpus. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). However, Tenn. R. Crim. P. 36 is an exception to the general rule and authorizes the trial court to correct clerical mistakes even after a judgment has become final. *See* Pendergrass, 937 S.W.2d at 837.

**VOLUNTARINESS OF GUILTY PLEA**

Petitioner contends his guilty plea was not knowingly and understandingly entered since he believed his release eligibility date was 30% rather than 85%. As stated above, the written guilty plea signed by petitioner and the colloquy at the submission hearing reflect petitioner's agreement and understanding of the 85% release eligibility date. The petitioner affirmatively stated at the submission hearing that he understood this and further agreed he was entering his plea freely and voluntarily. Furthermore, trial counsel testified he fully advised petitioner of the 85% release eligibility date, denied telling petitioner he would be eligible for parole after 30% of his sentence, and denied petitioner signed a blank plea form. Counsel further testified that the petitioner did not see the 30% entry on the original judgment since it was filled in by the prosecutor after petitioner signed.

The trial court accredited the testimony of trial counsel, discredited the testimony of the petitioner, and found petitioner knowingly entered the guilty plea. The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). This court may not reweigh or reevaluate the evidence. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). Questions concerning the credibility of witnesses are resolved by the trial court, not this court. Burns, 6 S.W.3d at 461.

This was a classic case involving credibility of witnesses. The trial court accredited the testimony of trial counsel and discredited petitioner's testimony. The evidence does not preponderate against this finding. This issue is without merit.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Finally, petitioner contends he was deprived of the effective assistance of counsel. This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; <u>Hicks v. State</u>, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

Again, the trial court accredited the testimony of trial counsel and discredited the testimony of petitioner. The trial court found that the services rendered by trial counsel were within the range of competency demanded by an attorney in a criminal case. The evidence does not preponderate against this finding. This issue is without merit.

## CONCLUSION

For these reasons, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE