IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 20, 2002

## STEVE E. TODD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County
No. 93-B-901     Seth Norman, Judge**

---

**No. M2001-03080-CCA-R3-PC - Filed May 30, 2003**

---

The petitioner, Steve E. Todd, pled guilty in 1994 to two counts of rape of a child, receiving concurrent twenty-three-year sentences as a Range I offender. He filed a post-conviction petition in 1995 alleging, *inter alia*, that at the time of his pleas of guilty he had not understood that his sentences would be served without the possibility of parole. Counsel, appointed to represent him, filed an amended petition, which the post-conviction court dismissed following an evidentiary hearing. This court reversed the dismissal and remanded the matter for additional findings to be made. Following the remand, the post-conviction court granted the petition, concluding that the guilty pleas had not been knowing. The State appealed and, following our review, we reverse the order of the post-conviction court and remand this matter for another evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bernard F. McEvoy, Assistant District Attorney General, for the appellant, State of Tennessee.

Thomas H. Potter, Nashville, Tennessee, for the appellee, Steve E. Todd.

## OPINION

## FACTS

Because of the lengthy and complicated nature of this matter, we will set out its history, as detailed in the opinion of this court, released on January 26, 1999, remanding for additional findings to be made:

The petitioner testified at the post-conviction hearing that he believed he was pleading guilty to two counts of rape of a child for which he would be sentenced as a Range I, standard offender to twenty-three years for each count to be served concurrently at thirty percent. He said he believed he would be eligible for parole and behavior credits, and the opportunity for parole was one of the reasons why he accepted the plea agreement. He said he also accepted the plea agreement because he did not want the victim, his daughter, to have to testify at trial. He said he discussed the agreement with his trial attorney who explained that he would be sentenced to twenty-three years to be served at thirty percent. He admitted that there was no mention in the guilty plea petition, which he signed, of the possibility for parole, but he also said there was no indication that he would have to serve his sentence day-for-day.

On cross-examination, the petitioner said that his trial attorney never discussed T.C.A. § 39-13-523 with him. He said he did not read the guilty plea petition because he relied on his attorney's advice. He said he understood that the sentencing range was fifteen to twenty-five years, and he admitted that he had confessed to all of the crimes.

The petitioner's trial attorney testified that the state offered a plea agreement of two counts of rape of a child with a sentence of twenty-three years for each count to be served concurrently. He said he explained this offer to the petitioner, and he believed he told the petitioner that he would not get credit toward release because it was a child rape case. He said the petitioner was unhappy about this fact, but they discussed it at some length and talked about the possibility of going to trial. He said the petitioner felt forced to accept the plea agreement because under no circumstances did the petitioner want his daughter to have to testify. The attorney said that ordinarily, he writes on the guilty plea petition whether it is a Range I or Range II sentence, and he thought it was significant that there was no such range written on the guilty plea petition in the present case. He said that although he discussed with the petitioner the fact that he would get no credit toward his release, he did not go over T.C.A. § 39-13-523 with the petitioner because he did not think it was necessary.

The attorney said that when the trial court read the judgment saying that the petitioner was sentenced as a Range I, standard offender at thirty percent, he thought that he (the attorney) had simply

misinterpreted T.C.A.§ 39-13-523. He said he made no objection to the trial court's judgment because it was to his client's benefit. He said that after the trial court pronounced the judgment, the petitioner asked him what the trial court meant, and the attorney said he told the petitioner that he would serve thirty percent of his sentence and then be eligible for parole. He said he explained to the petitioner that most sex offenders are not granted parole on their first request. He said that when the petitioner left the courtroom, he (the attorney) was under the impression that the petitioner had received a Range I sentence to be served at thirty percent.

On cross-examination, the attorney said he told the petitioner that his reading of the statute indicated that the petitioner would not receive credit for good time or program credits. He said there was a note in his file that read, "Note sent day-for-day since July '92[.]" He said that although he did not read T.C.A. § 39-13-523 to the petitioner, he interpreted the statute for the petitioner. He said that the petitioner read or appeared to read the guilty plea petition which did not say that the petitioner would serve only thirty percent of his sentence.

The assistant district attorney general who prosecuted the petitioner's case testified that on the judgment form, she checked both the box for child rapist and the box for a Range I, standard offender. She said that she made a clerical error because only one box can be checked and that should have been the child rapist box. She said that when she gave the recommended sentence to the judge, it was not for a Range I, standard offender at thirty percent.

On cross-examination, the prosecutor testified that the petitioner received no assurance of parole. She said that when she talks to attorneys, it is her practice to tell them that their clients will be required to serve the entire sentence. She said that at the time the plea agreement was made and signed, the petitioner did not have the judgment form but only the guilty plea petition which gave no indication that the petitioner would serve only thirty percent of his sentence.

Steve E. Todd v. State, No. 01C01-9612-CR-00503, 1999 WL 30678, at **1-2 (Tenn. Crim. App. Jan. 26, 1999).

We now will review the proceedings following the remand to the post-conviction court.

Although the document is not in the technical record, an "Opinion" of the post-conviction court, bearing a stamped date of September 9, 1999, is included in the petitioner's brief. In that document, the court noted that on the judgment forms for the charges against the petitioner, the blocks were checked both for "standard 30% Range I" and "child rapist," which, the court determined, created a conflict. The opinion concluded:

> A close reading of the record in this cause raises grave doubt concerning the knowledge of the defendant of [Tenn. Code Ann. § 39-13-523] at the time he entered into this plea agreement. This Court is unable to satisfy itself that the defendant entered into this plea knowingly.
>
> This Court is of the opinion that the petitioner has carried the burden of proof required, and that the petition for post conviction relief should be granted. Because the court has granted the petition on this particular ground, the others will not be addressed.

This document bears a typed notation indicating that copies were sent to counsel. The first document in the technical record reflecting an action of the post-conviction court following the remand is an order, bearing the clerk's stamp of January 4, 2000, granting the petition for post-conviction relief:

> This cause was originally heard by the Court on a Petition for Post Conviction Relief. The petition was denied by the Court after a hearing. An appeal of the denial resulted in the Criminal Court of Appeals remanding the matter for further determination by the Court.
>
> The Court has considered the case of State v. Burkhart, 566 S.W.2d 871 (Tenn[.] 1978) and has carefully studied the judgement [sic] form filed in this matter pursuant to the relevant holding in Burkhart.
>
> The court therefore makes the following findings of fact and conclusions of law:
>
> FINDINGS OF FACT
>
> The petitioner in this matter was convicted as a [range] one standard offender at thirty percent (30%);
>
> The petitioner was convicted as a child rapist;

The applicable statute, T.C.A. Section 39-13-523 requires a person convicted as a child rapist "be required to serve the entire sentence imposed by the court, undiminished by any sentence reduction credit such person may be eligible for or earn;" any credits the convicted person is eligible to earn may be used for "any purpose other than the reduction of the sentence imposed by the court." T.C.A. Section 39-13-523 (b) ". . . Release eligibility status and parole shall not apply to or authorize the release of a multiple or child rapist . . . prior to service of the entire sentence imposed by the Court." T.C.A. Section 39-13-523 (c). The Governor and the Board of Probation and Parole are estopped from releasing or causing the release of a child rapist "prior to the serve of the entire sentence imposed by the Court." T.C.A. Section 39-13-523 (d)[.]

The record of this matter reveals the Petitioner's lack of knowledge of the effect of the provisions of T.C.A. section 39-13-523 as it is applied to his negotiated plea. It is apparent on the record, therefore, that the petitioner did not enter into the plea in the matter *sub judice* knowingly;

That a plea must be entered into knowingly is well founded. Boykin v. Alabama, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709; State v. Mackey, 553 S.W.2d 337 (Tenn. 1977); State v. Neal, 810 S.W.2d 131 (Tenn. 1991).

CONCLUSIONS OF LAW

The Petitioner did not enter his plea knowing the effect of T.C.A. Section 39-13-523 on a sentence of conviction as a child rapist. The court holds that the Petitioner in this cause has carried his burden of proof in the Petition for Post-Conviction Relief.

It is therefore ORDERED, ADJUDGED, and DECREED that the Petition for Post-Conviction Relief in this case is granted this [illegible] day of December 1999. This cause is returned to the Court for such further proceedings as may be necessary. The Petitioner is to be returned to the custody of the Davidson County Sheriff's Department so as to be available for further proceedings.

We note that the order bears the typed date as relief was granted on "this 29[th] day of September 1999." However, handwritten changes were made so that the date was "this [illegible] day of December 1999." The order does not bear a clerk's certificate as to copies being provided to the parties.

On August 13, 2001, the petitioner filed a motion to enforce the order granting post-conviction relief, the motion reciting that on September 9, 1999, the post-conviction court had "filed a document entitled 'Opinion' in which it reversed its prior ruling and directed petitioner's counsel to prepare an order granting post-conviction relief." Additionally, the petitioner's motion stated that on November 15, 1999, the State "filed a motion for leave to present further argument and/or evidence," and recited that a hearing was conducted on May 12, 2000, apparently pursuant to the State's motion and that the petitioner had requested a transcript of that hearing.

Subsequently, the post-conviction court filed an opinion bearing the clerk's stamped date of November 2, 2001, stating as follows:

> This is a Petition for Post Conviction Relief that has been before this Court for a considerable length of time. It concerns a judgment which was originally entered in this cause February 3, 1994. Thereafter, the petition for post conviction relief was filed. The matter was heard, after lengthy delay, and the Court issued an opinion dated July 2, 1998. That matter was appealed and on January 26, 1999, the Court of Criminal Appeals filed an opinion. That opinion required this Court to enter specific findings of fact. After the remand order was received, the matter was set for further hearings and, on September 9, 1999, the Court issued an opinion, as instructed by the Court of Criminal Appeals. In that opinion, this Court sustained the Petition for Post Conviction Relief and instructed the attorney for the petitioner to prepare an order. This order was subsequently prepared and signed by the Court. That order reflects that it was filed January 4, 2000. However, the file reflects that in November of 1999, the District Attorney General for the 20th Judicial District filed an instrument styled: Motion For Leave To Present Further Argument And/Or Evidence. In May of 2000, counsel for the petitioner filed a motion to dispose of that instrument. In August of 2001, the petitioner's attorney filed a motion to enforce the order entered in January of 2000.

> This Court has many cases assigned to it for determination. There is no way the Court can keep up with each individual matter. The Court must rely on counsel for the State and for the petitioners and defendants to tend to their various cases. This Court has looked at this matter on this date to try to determine the current status of this cause. Regardless of what types of motions have been filed in this cause subsequent to the entry of the order in this case, the order has been entered. It has been signed by the Judge. No appeal has been taken from that order. Therefore, this Court is of the opinion that the order filed in January of 2000 is in effect.

On November 29, 2001, the State filed a notice of appeal from this opinion.

## ANALYSIS

The parties disagree as to what the issues are in this matter. The State, as appellant, presents the single issue of "[w]hether the defendant's guilty plea was knowing and voluntary." In addition to that issue, the petitioner presents as issues whether the post-conviction court exceeded its mandate on remand and whether the State's appeal was timely, or, if not, should be waived in the interest of justice.

To ascertain whether the State timely appealed the granting of post-conviction relief, we briefly will review the chronology of this matter, focusing on the motion and orders.

As we have stated, the brief of the petitioner contains, although the technical record does not, a copy of what appears to be a September 9, 1999, opinion of the post-conviction court stating that "[t]his Court is unable to satisfy itself that the defendant entered into this plea knowingly," and granting post-conviction relief. Post-conviction counsel for the petitioner was directed to prepare an order reflecting the court's determination. On November 15, 1999, the State filed a motion seeking "to present further argument and/or evidence in support of its position that the Court's initial ruling in this matter was correct." The post-conviction court's order was then filed on January 4, 2000, concluding that the petitioner's plea had not been "knowing" and granting post-conviction relief. At a hearing before the post-conviction court on May 12, 2000, pursuant to the State's motion to "present further argument and/or evidence," the State asked that the court "actually make findings of fact in more detail and let the case go up and follow the normal channels." Post-conviction counsel advised the court that specific findings of fact and conclusions of law had been made, but the court informed counsel that "[t]he order has not been entered." The court then directed each counsel to prepare proposed findings of fact and conclusions of law for the court to review. Subsequently, on August 13, 2001, post-conviction counsel filed a motion to enforce the court's order granting post-conviction relief, reciting that the order prepared by counsel granting such relief "was executed December 21, 1999," and filed on January 4, 2000. On November 2, 2001,[1] counsel again appeared before the post-conviction court, apparently, because the State had filed proposed findings of facts and conclusions of law, which are not included in the record on appeal. Later that day, the court entered an order, reciting that the court's order filed on January 4, 2000, was "in effect" and had not been appealed.

This court may, "in the interest of justice," waive an untimely filing of a notice of appeal. See Tenn. R. App. P. 4(a). The petitioner argues on appeal that the time for the State to file its notice of appeal began to run on September 9, 1999, when the court filed its opinion granting post-conviction relief and directing that post-conviction counsel "prepare an order to this effect." This

---

[1]Although the transcript of this hearing recites that it occurred on November 2, 2002, we presume that the correct date is November 2, 2001.

document, which is not included in the record on appeal, although referred to by documents which are, apparently resulted in the State's then filing its motion to present additional proof. Although an order was entered on January 4, 2000, granting post-conviction relief, neither counsel nor the post-conviction court was aware, as of the May 12, 2000, hearing, that the order had been entered and we note that the order does not show that copies were sent to counsel. Post-conviction counsel's motion of August 13, 2001, seeking enforcement of the order of January 4, 2000, should have put the State on notice that a prompt determination should be made as to whether there was an order of the post-conviction court which should be appealed. However, considering the difficulty in identifying which order of the post-conviction court triggered the period within which the State was to appeal, as well as the fact that a determination has not been made as to the credibility of the parties, which was the purpose of our earlier remand, we conclude that, in the interest of justice, we will treat the State's appeal as timely.

To assess the conflicting claims of the parties, we first will review the basis for this matter being remanded to the post-conviction court after the initial dismissal of the petition. During the 1997 evidentiary hearing, the petitioner testified that his belief as to the sentences he was to receive would be "two counts, run concurrent, twenty-three years at thirty percent, with a chance for parole. And that's what I accepted." By contrast, the petitioner's trial counsel testified at the hearing that he understood "that on a child rape that you don't get credit toward release." He said that the petitioner "was not happy" about this information," which they discussed "at some length." He said that the petitioner's "attitude at that time was that he just literally was forced to take what the State was willing to offer, because under no circumstances did he want his little girl to have to face a court and be examined."

In the remand, this court set out the conflict between the testimony of the petitioner and that of his trial counsel which resulted in the remand:

> The petitioner also complains that his trial attorney was ineffective for failing to explain to him the manner in which he would serve his sentence. At the postconviction hearing, the petitioner stated that his trial attorney told him he would serve thirty percent of his sentence and that this was one of the reasons he accepted the agreement. The trial attorney testified to the contrary, stating that he did not tell the petitioner before his acceptance of the agreement that he would only serve thirty percent. He said that, in fact, it was his belief that he told the petitioner he would be ineligible for early release because the convictions were for child rape.
>
> . . . .
>
> We cannot discern whether the trial court accredited the testimony of the petitioner or his trial attorney. Although it may be possible to infer that the trial court accredited the attorney's testimony, one of the main

purposes behind requiring an order with findings of fact and conclusions of law is to prevent this very type of speculation on appeal. A more detailed order, addressing all of the petitioner's claims and containing more detailed findings of fact and conclusions of law, is needed.

Todd, 1999 WL 30678, at *4.

This matter was remanded initially because, other than inferentially as a result of the dismissal of the petition, we could not determine whether the court had accredited the testimony of the petitioner or his trial counsel. Following the remand, the post-conviction court granted the relief sought, concluding that the petitioner's pleas of guilty were not knowing. Thus, we now have the reverse of the original situation, for we now cannot determine, other than inferentially because of the post-conviction court's reversal of its previous order, whether the post-conviction court accredited the testimony of the petitioner or his trial counsel. Accordingly, we conclude that this matter must be reversed and remanded for appropriate findings of fact and conclusions of law. However, because over five years have passed since the evidentiary hearing in this matter, we cannot conclude that the post-conviction court could, at this point, make the required findings as to credibility and other matters. Accordingly, we remand for another evidentiary hearing as to the petition for post-conviction relief, and direct that the presiding judge of the Davidson County Criminal Court reassign the matter to another division of court for such hearing and other proceedings consistent with this opinion.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we reverse the order of the post-conviction court and remand this matter for proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE

-9-