# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 20, 2004

## RANDY D. VOWELL v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Anderson County**
**No. A3CR0126     James B. Scott, Jr., Judge**

_____

**No. E2003-01987-CCA-R3-PC**
**May 12, 2004**
_____

The petitioner appeals the Anderson County Criminal Court's denial of habeas corpus relief relating to his convictions for aggravated rape and rape. On appeal, the petitioner contends the original sentencing court erred in amending the judgments to reflect 100% release classification after they became final. We affirm the lower court's judgment denying habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Richard L. Gaines, Knoxville, Tennessee, for the appellant, Randy D. Vowell.

Michael E. Moore, Solicitor General; Kathy D. Aslinger, Assistant Attorney General; James N. Ramsey, District Attorney General; and Jan Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### A.  Procedural History

A jury in Anderson County convicted the petitioner of aggravated rape and rape. The offenses were committed against the thirteen-year-old victim in September 1995. The trial court imposed concurrent sentences of twenty-three years and eight years, respectively, and the judgments reflected the petitioner was to serve both sentences as a Range I standard offender at 30%. A panel of this court upheld the petitioner's convictions on direct appeal. *See* State v. Randy D. Vowell, No. 03C01-9709-CC-00383, 1998 Tenn. Crim. App. LEXIS 929, at *14 (Tenn. Crim. App. Sept. 8, 1998), *perm. to app. denied* (Tenn. 1999).

On March 16, 1999, the trial court entered amended judgments changing the petitioner's release eligibility status to a violent offender at 100%. The petitioner filed a post-conviction relief

petition, and a panel of this court affirmed the post-conviction court's denial of the petition on appeal. *See* Randy D. Vowell v. State, No. E2000-01300-CCA-R3-PC, 2002 Tenn. Crim. App. LEXIS 3, at *2 (Tenn. Crim. App. Jan. 3, 2002). The petitioner did not challenge the validity of the amended judgments in that petition. In affirming the denial of post-conviction relief, this court did not address the validity of the amended judgments. The petitioner subsequently filed a petition for writ of habeas corpus contending the judgments were amended after they became final and were, therefore, "null and void." Although the record is unclear, the petitioner contends the trial court held "three separate hearings on the matter but took no testimony." The trial court issued an order denying relief, and this appeal ensued.

## B. Analysis

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

### (1) Venue

We note that although the petitioner is incarcerated in Hardeman County, he filed his petition in Anderson County. A petition for writ of habeas corpus must be filed in the court most convenient in point of distance to the applicant, unless the applicant provides a sufficient reason in the petition for not filing in such court. Tenn. Code Ann. § 29-21-105. The petitioner filed an amended petition setting forth numerous reasons for filing in Anderson County rather than Hardeman County. In its written order, the lower court declined to address the issue of venue but, nevertheless, ruled on the merits of the petition. This court has allowed the convicting court to hear a habeas corpus matter challenging a void sentence, even though the petitioner was incarcerated in another county. *See, e.g.,* Deonnie Rodenie Boykin, Pro Se v. State, No. W2003-00066-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 680, at **4-5 (Tenn. Crim. App. July 28, 2003), *perm. to app. denied* (Tenn. 2003). We conclude, under the circumstances of this case, the trial court did not err in entertaining the petition on the merits.

### (2) Waiver

The state contends the petitioner's failure to include a transcript of the habeas corpus hearings waives appellate review. *See* Tenn. R. App. P. 24(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). We note that the dismissal of the petition was based upon the judgments themselves and not upon any underlying circumstances. We conclude the record is sufficient to authorize appellate review.

### (3) Illegal Sentences

The petitioner challenges the amended judgments which altered his release classification to 100%. The petitioner's initial sentences, providing for release eligibility status after service of 30% of his sentence, were in direct contravention of Tennessee Code Annotated section 40-35-501(i), which mandates "no release eligibility status" for one who commits aggravated rape and rape. *See id.* § 40-35-501(i)(2)(F), (G). A sentence which directly contravenes a statute is illegal. *See* <u>State v. Burkhart</u>, 566 S.W.2d 871, 873 (Tenn. 1978). A trial court may correct an illegal sentence "at any time, even if it has become final." *Id.* Therefore, the trial court properly corrected the petitioner's initial illegal sentences. *See* <u>State v. Howard Buchanan</u>, No. M2000-00878-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 271, **16-17 (Tenn. Crim. App. Mar. 16, 2001) (holding the trial court properly corrected a judgment reflecting a lesser release eligibility date when the statute required 100%), *perm. to app. denied* (Tenn. 2001).

Accordingly, we affirm the judgment of the lower court denying habeas corpus relief.

_____
JOE G. RILEY, JUDGE