IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2004

## DENNIS EUGENE EVANS v. STATE OF TENNESSEE

Appeal from the Criminal Court for Knox County
No. 79374     Ray L. Jenkins, Judge

No. E2004-01059-CCA-R3-PC - Filed December 13, 2004

The Defendant, Dennis Eugene Evans, pled guilty to robbery and aggravated kidnapping. The Defendant was sentenced as a Range I standard offender to concurrent terms of three and eight years, respectively. The original judgments indicated that the Defendant would be eligible for parole after having served thirty percent of his sentence. The trial court subsequently corrected the judgment for the Defendant's aggravated kidnapping conviction to reflect that the sentence was to be served at one hundred percent. The Defendant subsequently filed a petition for post-conviction relief to set aside the corrected judgment. The trial court summarily denied relief, and this appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Dennis Eugene Evans, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant pled guilty on September 27, 2000, to one count of robbery and one count of aggravated kidnapping. The Defendant was sentenced as a Range I standard offender to concurrent terms of three years and eight years, respectively. The judgment forms reflecting the Defendant's convictions indicated his release eligibility to be thirty percent,[1] which the Defendant claims to be

---

[1] The record before this Court does not contain a copy of the original judgment for the Defendant's aggravated kidnapping conviction. It does, however, contain a copy of the corrected judgment. The "Release Eligibility" section of the corrected judgment indicates both the "Standard 30%" and "Violent 100%" designations. The record also contains
(continued...)

in accord with his plea agreement. Thirty percent release eligibility is the correct designation for a "standard" offender sentenced to a Range I sentence. See Tenn. Code Ann. § 40-35-501(c).

On January 3, 2001, an official with the Department of Correction wrote the trial judge a letter, advising her that the sentence imposed on the Defendant for the aggravated kidnapping conviction was illegal because sentences for that offense must be served at one hundred percent. See Tenn. Code Ann. § 40-35-501(i)(1), (i)(2)(D). Accordingly, on January 10, 2001, a corrected judgment was filed as to the Defendant's aggravated kidnapping conviction, reflecting that the sentence was to be served at one hundred percent.

On March 31, 2004, the Defendant filed a pleading styled "Petition to Correct an Illegal Sentence and/or Petition for Post Conviction Relief." The post-conviction court summarily dismissed this pleading on April 8, 2004, on the basis that it was barred by the one-year statute of limitations applicable to petitions for post-conviction relief. See Tenn. Code Ann. § 40-30-102(a). On April 12, 2004, the Defendant filed another pleading, styled "Amended Petition to Correct an Illegal Sentence and or Amended Petition for Post Conviction Relief." The post-conviction court summarily dismissed this second pleading as time-barred on April 19, 2004. This appeal followed.

In his pro se pleadings, the Defendant asserts that the trial court lacked jurisdiction to enter the corrected judgment. Accordingly, he argues that the corrected judgment should be set aside and the original judgment reinstated. The Defendant also claims in this appeal that the post-conviction court erred in summarily dismissing his petitions. We disagree on both counts.

The sentence initially imposed on the Defendant for the aggravated kidnapping conviction was illegal because it directly contravened a statute in existence at the time it was imposed. See Taylor v. State, 995 S.W.2d 78, 85 (Tenn. 1999). According to the corrected judgment form, the Defendant committed an aggravated kidnapping on April 28, 1999. Our legislature determined that persons committing the offense of aggravated kidnapping on or after July 1, 1995, "shall serve one hundred percent (100%) of the sentence imposed by the court . . . ." Tenn. Code Ann. § 40-35-501(i)(1), (i)(2)(D). Thus, the trial court's original judgment that the Defendant be eligible for release after serving thirty percent of his aggravated kidnapping sentence was contrary to our sentencing statutes and therefore illegal.

The Defendant contends that the trial court lost jurisdiction to correct the illegal sentence thirty days after judgment was entered. The Defendant is correct that, normally, the judgment of a trial court becomes final thirty days after entry, absent a timely notice of appeal or an appropriate post-trial motion. Tenn. R. App. P. 4(a), (c); See State v. Green, 106 S.W.3d 646, 648 (Tenn. 2003).

---

[1](...continued)
a copy of a letter from an official with the Department of Correction to the trial judge stating that the sentence imposed on Sept. 27, 2000, is illegal because it indicates a release eligibility date of June 2003 for an offense requiring one hundred percent service. In light of these documents and the fact that the Defendant is proceeding pro se, we accept as accurate the Defendant's contention that the original judgment entered on his aggravated kidnapping conviction set forth a release eligibility of thirty percent.

Once the judgment is final, the trial court loses jurisdiction to alter or amend. See Green, 106 S.W.3d at 648-49. However, our supreme court has held that, "a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Accordingly, the trial court in this matter "had both the power, and the duty, to correct the judgment of [September 27, 2000,] as soon as its illegality was brought to [its] attention." Id. The Defendant's claim that the trial court lacked the authority to correct his judgment is without merit.

The Defendant also alleges that, as corrected, the judgment entered against him contravenes his plea agreement. Our Rules of Criminal Procedure provide that a motion to withdraw a guilty plea must be made prior to sentence being imposed or, "to correct manifest injustice," after the imposition of sentence but before the judgment becomes final. See Tenn. R. Crim. P. 32(f). Clearly, the Defendant is time-barred from such a motion in this case.

In essence, the Defendant's claim is that he would not have entered his plea had he known that he would have to serve one hundred percent of his aggravated kidnaping sentence. That is, his plea -- as reflected by the corrected judgment -- was not voluntary. A post-conviction petition is the proper avenue for attacking an involuntary guilty plea. See, e.g., Reiko Nolen v. State, No. W2001-03003-CCA-R3-CD, 2002 WL 31443174, at *4 (Tenn. Crim. App., Jackson, Oct. 31, 2002). However, absent an appeal, a petitioner has only one year from the date on which his or her judgment becomes final in which to file for post-conviction relief. See Tenn. Code Ann. 40-30-102(a). As set forth above, the judgment of a trial court becomes final thirty days after its entry, absent a timely notice of appeal or post-trial motion. Tenn. R. App. P. 4 (a), (c); See Green, 106 S.W.3d at 648. Here, however, the relevant "trigger" date was the date on which the trial court filed its corrected judgment: January 10, 2001. See Manny T. Anderson v. State, No. M2002-00641-CCA-R3-PC, 2003 WL 2002092, at *4 (Tenn. Crim. App., Nashville, April 30, 2003) (holding that, when an amended judgment was filed three years after the original entry of judgment, the post-conviction limitations period began to run on the date the amended judgment was filed). Thus, the one-year post-conviction limitations period began to run in January 2001 and expired in January 2002. The Defendant did not file his petition until March 2004. The trial court was therefore correct in dismissing the Defendant's petitions as time-barred.

The Defendant argues that the post-conviction statute of limitations does not apply when the claim is to correct an illegal sentence, relying on this Court's unpublished opinions in James Gordon Coons, III v. State, No. 01C01-9801-CR-00014, 1999 WL 275009, at *3 (Tenn. Crim. App., Nashville, May 6, 1999), and Kevin Lavell Abston v. State, No. 02C01-9807-CR-00212, 1998 WL 906475, at *1 (Tenn. Crim. App., Jackson, Dec. 30, 1998). As corrected, however, the Defendant's sentence is not illegal. The Defendant's argument that the post-conviction statute of limitations is not applicable is misplaced and without merit.

-3-

By his pleading, the Defendant is attempting to nullify a legal sentence and reinstate an illegal one. There is no procedure available for attaining the Defendant's objective.[2] At best, the Defendant would be entitled to have his plea set aside, allowing him to either re-plead to a legal sentence, or be tried. In order to set aside his plea, however, the Defendant must proceed via a collateral attack on his conviction, and the post-conviction avenue for this attack is no longer available because of the passage of time.

In sum, the original judgment entered against the Defendant with respect to his aggravated kidnapping conviction set forth an illegal sentence. The trial court had the authority to correct the judgment in order to set forth a legal sentence. Any abridgment of the Defendant's rights caused by the trial court's action in correcting the judgment was a proper matter for a petition for post-conviction relief. The time for filing such a petition expired in January 2002. The Defendant, having failed to file his petition within the limitations period, is now time-barred from pursuing his claim. The post-conviction court did not err in summarily dismissing the Defendant's petitions, and we therefore affirm the judgments of the post-conviction court.

_____
DAVID H. WELLES, JUDGE

---

[2]Even were the Defendant to recast his pleading as one for a writ of habeas corpus, his efforts would be for naught. A writ of habeas corpus may be granted where it is apparent from the face of the judgment or the record of the proceedings upon which the judgment is rendered that a sentence is illegal. Stephenson v. Carlton, 28 S.W.3d 910 (Tenn. 2000). As explained above, the corrected judgment in this case -- the judgment under which the Defendant is being confined -- does not reflect an illegal sentence. Accordingly, the Defendant is not entitled to habeas corpus relief. See Michael D. O'Guin v. Myers, No. M2003-02846-CCA-R3-HC, 2004 WL 2290487 (Tenn. Crim. App., Nashville, Oct. 12, 2004) (petitioner being held pursuant to a judgment that corrected the initial judgment's illegal sentence was not entitled to habeas corpus relief because the amended judgment ordered the correct sentence and the correct conviction and was therefore not void as illegal).