IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville April 23, 2013

## JAMES WALLIE ROBERTSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lawrence County**
**No. 30775    Robert Lee Holloway, Jr., Judge**

_____

**No. M2012-01921-CCA-R3-PC - Filed June 11, 2013**

_____

The Petitioner, James Wallie Robertson, appeals the Lawrence County Circuit Court's summary dismissal of his petition for post-conviction relief from his 1995 guilty pleas to first degree murder, aggravated kidnapping, aggravated burglary, automobile burglary, two counts of forgery, and passing a forged check and his effective sentence of life imprisonment plus twenty-five years. He contends that the trial court erred by summarily dismissing his petition without appointing counsel or holding an evidentiary hearing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

James Wallie Robertson, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; and T. Michael Bottoms, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 6, 1995, the Petitioner pleaded guilty to various charges in three separate cases. In case number 17,648, the Petitioner pleaded guilty to check forgery and passing a forged check and received an effective three-year sentence. In case number 17,649, the Petitioner pleaded guilty to first degree murder and received life imprisonment. In case number 18,037, the Petitioner pleaded guilty to aggravated kidnapping, aggravated burglary, automobile burglary, and forgery and received an effective twenty-two-year sentence. The sentences were ordered to be served consecutively for an effective sentence of life imprisonment plus twenty-five years. The judgments were entered on June 6, 1995.

On July 29, 2011, the Petitioner filed a petition for a writ of habeas corpus, alleging that he was being illegally restrained because the first degree murder judgment showed that he was a Range I, standard offender and that he was eligible for release after serving thirty percent of his sentence. On August 19, 2011, the trial court entered a corrected judgment and noted in the special conditions section that the judgment was to "correct a clerical error in the original judgment." On September 22, 2011, the petition for a writ of habeas corpus was dismissed. The Petitioner did not appeal the court's dismissal.

On August 16, 2011, the Petitioner filed his petition for post-conviction relief. He contended that his guilty pleas were involuntary because he entered them without understanding the nature and consequences of the pleas, that his privileges against self-incrimination and double jeopardy were violated, and that he received the ineffective assistance of counsel. The trial court summarily dismissed the petition as untimely. The court found that for post-conviction purposes, the one-year statute of limitations period began to run on July 6, 1995, the date the judgments became final. This appeal followed.

The Defendant contends that the trial court erred by failing to appoint counsel and by failing to hold an evidentiary hearing. He argues that the statute of limitations did not begin to run until the corrected judgment was filed on August 19, 2011, and that the court should have granted him an evidentiary hearing to show that he was entitled to a tolling of the statute of limitations. The State responds that the court properly dismissed the petition as barred by the statute of limitations. We agree with the State.

The Post-Conviction Procedure Act allows for the filing of only one petition attacking a single judgment, which must be filed within one year of the final action by the highest state appellate court to which an appeal is made or, if no appeal is taken, within one year of the trial court's judgment becoming final. T.C.A. § 40-30-102(a) (2012). "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). A petition filed after the limitations period expires shall not be considered unless one of three exceptions apply. *See* T.C.A. § 40-30-102(b)(1)-(3).

Although the Petitioner argues that the statute of limitations began to run after the trial court corrected the first degree murder judgment on August 19, 2011, we disagree. At the time the offense was committed, a defendant who was sentenced to life imprisonment for first degree murder became eligible for release when he or she served "sixty percent of sixty years less sentence credits earned and retained by the defendant, but in no event [was] . . . eligible for parole until the defendant . . . served a minimum of twenty-five full calendar years of the sentence[.]" *See* T.C.A. § 40-35-501(h)(1) (Supp. 1994) (amended 1995, 1998, 1999, 2001, 2006, 2007, 2009, 2010, 2012). The plea agreement shows that the Defendant was sentenced

as a Range I, standard offender for each offense except first degree murder. The plea agreement states and the judgment shows that the Defendant was sentenced to life imprisonment. We conclude that the error was clerical and could be corrected at any time. *See State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978); *see also* Tenn. R. Crim. P. 36. This court has previously concluded that correction of a clerical error "'does not extend the statutory period for filing a petition for post-conviction relief.'" *Alan Hall v. State*, No. E2000-01522-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App. May 23, 2001) (quoting *Kenneth J. Hall v. State*, No. 03C01-9609-CR-00342, slip op. at 4 (Tenn. Crim. App. Apr. 15, 1998)), *perm app. denied* (Tenn. Oct. 29, 2001).

The judgments became final on July 6, 1995, and the Petitioner filed his petition for post-conviction relief on August 16, 2012. We conclude that the petition was untimely and that the Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE