IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 19, 2018

**STATE OF TENNESSEE v. HUGH A. NICELEY**

**Appeal from the Circuit Court for Robertson County**
**No. 8530     William R. Goodman, III, Judge**

————————————————————

**No. M2017-02535-CCA-R3-CD**

————————————————————

In 1994, the petitioner, Hugh A. Niceley, was convicted of eight counts of aggravated rape and one count of aggravated sexual battery, occurring over the course of several years from 1988 until 1992. For his crimes, the petitioner received an effective sentence of fifty-three years, to be served at 30 percent. In 1999, the trial court entered a new judgment as to Count 9, requiring the sentence be served at 100 percent, as required by the applicable statute. As a result, the petitioner asserts the 1999 judgment created an illegal sentence, arguing his sentence in Count 9 should be served at 30 percent, as originally ordered. The trial court disagreed, as do we. Accordingly, the order of the trial court requiring service of Count 9 at 100 percent is affirmed.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and TIMOTHY L. EASTER, J., joined.

Hugh A. Niceley, Wartburg, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; John W. Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In a nine count indictment, the petitioner was charged with aggravated rapes, occurring during the "summer of 1988," Count 1; the "summer of 1989," Counts 2 and 3; the "summer of 1990," Counts 4 and 5; the "year of 1991," Counts 6-8; and the "month of July, 1992," Count 9. The trial court imposed a sentence of fifteen years to be served at 30 percent for each count of rape and eight years for aggravated sexual battery, resulting in an effective sentence of fifty-three years. Specifically, Counts 2-7 were to be

served concurrently with each other, but consecutive to Count 1; Count 8 was to be served consecutively to Counts 1 and 2-7; and the sentence for Count 9, which is the basis for this appeal, was to be served consecutively to Counts 1-8. Each of these sentences was imposed in 1994, following the petitioner's convictions after a jury trial as to each of the counts.[1]

The offense charged in Count 9 occurred after Public Act 878 took effect on July 1, 1992, requiring the fifteen year sentence in that count to be served at 100 percent. Therefore, on April 5, 1999, the trial court entered an amended judgment correcting the clerical mistake and noting that Count 9 was to be served at 100 percent. At that time, the trial court also entered amended judgments in Counts 1-8, reflecting they should also be served at 100 percent including Counts 4-7 which had been vacated by this Court.

Upon learning of the change in his sentence, the petitioner filed a Rule 36.1 motion, claiming the 1999 judgment increasing the time which he had to serve from thirty percent to 100 percent on Count 9 was illegal. On November 22, 2017, the trial court entered an order granting the petitioner some relief as to Counts 1-8 but denying the petitioner's request for relief as to Count 9. While the trial court denied the petitioner's claim as to Count 9, the trial court noted the service percentage in Counts 1-3 and 8 had been erroneously amended to 100 percent service and set aside the 1999 amended judgments and reinstated the original 1994 judgments in those counts. The trial court also noted that this Court had reversed and vacated the petitioner's convictions in Counts 4-7 and that the State had not sought to retry those counts. Therefore, the trial court dismissed those counts. This appeal followed.[2]

## ANALYSIS

On appeal, the petitioner contends the trial court erred in denying his motion, arguing the amended judgment entered in 1999 is illegal and his 1994 judgment should be reinstated. The problem with the petitioner's claim is that he is mistaken as to which sentence is illegal. As we will explain, the actual illegal sentence is the one imposed in

---

[1] On direct appeal of his convictions, this Court reversed the petitioner's convictions in Counts 4, 5, 6, and 7 and remanded them for a new trial. *State v. Hugh Nicely*, No. 01C01-9506-CC-00160, 1996 WL 233985 (Tenn. Crim. App. May 9, 1996) *perm. app. denied* (Tenn. Oct. 7, 1996).

[2] The order dismissing the petitioner's motion was filed on November 22, 2017. The petitioner's notice of appeal was stamped "Filed" on December 27, 2017. Accordingly, his notice of appeal was untimely by five days; nevertheless, we will review his appeal on the merits. *See* Tenn. R. App. P. 4(a) ("[I]n all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice.").

1994, for the law in effect at that time required the fifteen-year sentence be served at 100 percent, as set out in Public Act 878 (1992):

> Tenn. Code Ann. § 39-13-523 (West)
> b) Notwithstanding any other law to the contrary, a child sexual predator, aggravated rapist, multiple rapist or a child rapist shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits the person may be eligible for or earn. A child sexual predator, aggravated rapist, multiple rapist or a child rapist shall be permitted to earn any credits for which the person is eligible and the credits may be used for the purpose of increased privileges, reduced security classification, or for any purpose other than the reduction of the sentence imposed by the court.

As to the effective date of the legislation, Public Act 878 provides that "[t]his act shall take effect on July 1, 1992, the public welfare requiring it." *Id*. at §5   Accordingly, it is without question the sentence in Count 9 for the aggravated rape committed during July 1992 was to be served at 100 percent.

Reviewing the petitioner's claims, we note it is without question the trial court had the responsibility to correct its 1994 judgment to comply with the required service requirements, as explained in *State v. Burkhart*,

> As a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final. (citations omitted). Thus, the trial judge in the instant case had both the power, and the duty, to correct the judgment of October 10, 1975, as soon as its illegality was brought to his attention.

566 S.W.2d 871, 873 (Tenn. 1978).  In *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011), our supreme court explained that "[an] illegal sentence is one which is 'in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity.'"

In 1994, the trial court ordered the petitioner to serve a sentence specifying a release eligibility date of 30 percent for his conviction in Count 9, which was not allowed by the applicable statute requiring the sentence be served at 100 percent.  Therefore, while the petitioner is correct that this case involves an illegal sentence, he is mistaken as to which sentence was illegal.  As we have set out, the sentence he is now serving in Count 9, requiring he serve 100 percent, is the correct sentence.  Accordingly, the trial court correctly concluded the petitioner's claims were without merit.

Additionally, while this matter was pending, the petitioner filed a "Motion to Take Judicial Notice" in which he argues the transcript of the November 22, 2017 hearing incorrectly notes he was present during the hearing and certain e-mails were improperly admitted during the hearing. The State also filed a "Motion to Supplement Record" while this matter was pending, to which the petitioner filed two objections. Because, as discussed above, it is clear the petitioner is not entitled to relief, neither motion requires discussion, and we deny all pending motions as incorporated by the opinion.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE

- 4 -